■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY WEBB, Appellant, v ARTHUR LEONARDO, as Superintendent of Washington Correctional Facility, Respondent.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Leary, J.), entered April 8, 1987 in Washington County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner, currently confined to the Washington Correctional Facility, contends that his conviction for various crimes was illegal on double jeopardy grounds. Prior to the instant proceeding, petitioner, by petition dated March 3, 1987, sought a writ claiming that his conviction for first and second degree robbery, second degree possession of stolen property and fourth degree possession of a weapon was obtained in violation of the constitutional prohibition against double jeopardy. This petition was denied for the reason that petitioner failed to set forth whether he had appealed his conviction and also because petitioner had the postconviction remedy of a CPL article 440 proceeding available to him. Thereafter, petitioner, reiterating his double jeopardy claim, initiated the instant proceeding for habeas corpus relief. Since this petition contained nothing new other than a recitation of the chronology of the appellate history of his conviction, which indicated that an appeal was still pending before the Court of Appeals, Supreme Court refused to issue the writ, prompting petitioner to appeal. We affirm.

As petitioner raised no issues in his later application which were not advanced and disposed of in his earlier petition, the application was properly dismissed (CPLR 7003 [b]; *see, People ex rel. Madden v Mayone,* 50 AD2d 1010). Furthermore, there being no reason of practicality or necessity forwarded by petitioner to justify a review of his judgment of conviction by habeas corpus while his appeal from that judgment is pending, granting the writ would have been inappropriate *(see, People ex rel. Barnes v Smith,* 70 AD2d 764, *lv denied* 48 NY2d 602). Moreover, the substantive reason underlying denial of the earlier petition, the availability of other postconviction remedies, provides an additional basis for denying the instant petition. The fact that petitioner could have, if he has not already done so, put forward his double jeopardy argument on appeal and may do so yet by way of a CPL article 440 proceeding renders habeas corpus relief inappropriate *(see, People ex rel. Green v La Vallee,* 57 AD2d 675, *lv denied* 42 NY2d 805).

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.