THE PEOPLE OF THE STATE OF NEW YORK ex rel. JESSE HAMMOCK, Appellant, v ANDREW P. MELONI, as Monroe County Sheriff, et al., Respondents. [649 NYS2d 873] —Judgment unanimously affirmed without costs. Memorandum: After relator filed a notice of appeal from a decision dated June 9, 1994, a judgment was entered on that decision. We exercise our discretion to treat the appeal as taken from that judgment (*see,* CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988).

Supreme Court properly dismissed, without a hearing, the petition seeking a writ of habeas corpus. The contention of relator that double jeopardy attached to bar his retrial is an issue that may be raised on relator's direct appeal from the judgment of conviction. Moreover, there is no basis to warrant "our departure 'by reasons of practicality and necessity', from the traditional orderly posttrial appeal procedure" (*People ex rel. Barnes v Smith*, 70 AD2d 764, *lv denied* 48 NY2d 602, quoting *People ex rel. Keitt v McMann*, 18 NY2d 257, 262; *see also, People ex rel. Webb v Leonardo*, 136 AD2d 840, 841). (Appeal from Judgment of Supreme Court, Monroe County, Rosenbloom, J.—Habeas Corpus.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN BRAND, Appellant. [649 NYS2d 874] —Judgment unanimously affirmed. Memorandum: The contention that defendant was deprived of a fair trial by prosecutorial misconduct is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). County Court did not abuse its discretion in denying defendant youthful offender status (*see, People v Ortega*, 114 AD2d 912, *lv denied* 67 NY2d 887), and the sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, McCarthy, J.—Manslaughter, 2nd Degree.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.