People ex rel. Holland v Tedford (2023 NY Slip Op 04694)

People ex rel. Holland v Tedford

2023 NY Slip Op 04694

Decided on September 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 21, 2023

536183
[*1]The People of the State of New York ex rel. Claude Holland, Appellant,
v
Jeffrey Tedford, as Superintendent of Adirondack Correctional Facility, Respondent.

Calendar Date:September 1, 2023

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and Powers, JJ.

Claude Holland, Ray Brook, appellant pro se.
Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Richard B. Meyer, J.), entered August 29, 2022 in Essex County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner is currently serving a prison term of 25 years to life upon his 1977 conviction of murder in the second degree and robbery in the first degree. The charges stemmed from petitioner's involvement in a robbery, during the course of which one of his codefendants shot and killed an off-duty transit detective (Holland v Scully, 797 F2d 57, 59 [2d Cir 1986], cert denied 479 US 870 [1986]). Petitioner's conviction was affirmed upon his direct appeal (People v Holland, 80 AD2d 753 [2d Dept 1981]). Upon his subsequent filing of a habeas corpus petition in federal court, the US Court of Appeals for the Second Circuit concluded that petitioner's trial was tainted and remanded the matter to the District Court with a directive to grant the writ unless petitioner was retried within a reasonable period of time (Holland v Scully, 797 F2d at 70). Petitioner was retried and was again convicted of murder in the second degree and robbery in the first degree, and his conviction was affirmed upon direct appeal (People v Holland, 179 AD2d 822 [2d Dept 1992], lv denied 79 NY2d 1050 [1992]). Petitioner later commenced this CPLR article 70 proceeding for habeas corpus relief, alleging that his conviction of murder in the second degree following retrial violated the constitutional prohibition against double jeopardy. Supreme Court dismissed the application without a hearing, and petitioner now appeals.
"It is well settled that habeas corpus relief is not an appropriate remedy for resolving claims that could have been or that were raised on direct appeal or in a postconviction motion" (People ex rel. Latta v Martuscello, 140 AD3d 1421, 1421 [3d Dept 2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 904 [2016]; see People ex rel. Warren v Artus, 17 AD3d 896, 896 [3d Dept 2005], lv denied 5 NY3d 705 [2005]). Accordingly, as petitioner's contention that he was subjected to double jeopardy could have been raised upon direct appeal or in a CPL article 440 motion, Supreme Court properly denied petitioner's application (see People ex rel. Jackson v McGinnis, 251 AD2d 731, 731 [3d Dept 1998], appeal dismissed & lv denied 92 NY2d 913 [1998]; People ex rel. Webb v Leonardo, 136 AD2d 840, 841 [3d Dept 1988]).
Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.