■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES VAN ETTEN, Appellant.—Judgment unanimously affirmed. Memorandum: The circumstantial evidence was legally sufficient to support defendant's conviction for attempted burglary in the second degree. Defendant's presence in the fenced-in back yard of the residence, standing at a bedroom window with one hand on the sill and the other on the partially open portion of the window, constituted conduct dangerously close to commission of the ultimate crime of burglary *(see, People v King,* 61 NY2d 550). Defendant never knocked on a door or rang a door bell. When observed at the

bedroom window, he asked directions to a street that was not in the vicinity of the neighborhood, and upon leaving, defendant went in a direction opposite from the instructions given by the occupant. He was arrested moments later, and items taken from a residence on the same street earlier that morning were found in his possession. In our view, the evidence, viewed in a light most favorable to the People *(People v Kennedy,* 47 NY2d 196, 203), supports the jury's conclusion that defendant intended to commit a burglary upon entering the premises.

There is no merit to defendant's contention that imposition of the maximum imprisonment term was harsh or excessive. (Appeal from judgment of Erie County Court, McCarthy, J.—attempted burglary, second degree.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.