■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO GARCIA, Appellant. [616 NYS2d 501] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered May 5, 1992, convicting defendant, after a jury trial, of attempted rape in the first degree and sexual abuse in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years and 3½ to 7 years, respectively, unanimously affirmed.

The evidence at trial that defendant drove complainant to a secluded area against her wishes, told her he wanted to have sexual intercourse with her, rubbed his clothed genitals against hers, and repeatedly restrained, threatened and hit her as she resisted him, was sufficient to support a finding that defendant "came dangerously close to the accomplishment of the act [of engaging in sexual intercourse with complainant by forcible compulsion (Penal Law §§ 110.00, 130.35)] in view of his seizure of the victim and the circumstances surrounding the seizure" *(People v Glover,* 66 NY2d 931, 932, *cert denied* 476 US 1161). There is no merit to defendant's claim that the complainant's address and phone number redacted from the sex crimes screening sheet was *Rosario* material to which he was improperly denied access, no showing having been made that defendant required this information, which could have been used to intimidate the complainant, and the court having given defendant an opportunity to renew his request at a later time *(see, People v Rhodes,* 154 AD2d 279, *lv denied* 75 NY2d 816).

We have considered defendant's remaining contention and find it to be without merit. Concur—Sullivan, J. P., Carro, Nardelli, Williams and Tom, JJ.