■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO DAVIS, Appellant. [696 NYS2d 816] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered on or about July 28, 1995, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice.

We have considered the points raised in defendant-appellant's *pro se* supplemental brief and find them to be without merit. Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED FORD, Appellant. [696 NYS2d 819] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered December 12, 1997, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant's claim that his sentence to the minimum term authorized by law was unconstitutional is unpreserved, and we decline to review it in the interest of justice. Were we to review it, we would find that the sentence, imposed after defendant failed to complete a residential drug treatment program pursuant to his plea agreement, does not rise to the "gross disproportionality violative of constitutional limitations" (*People v Broadie*, 37 NY2d 100, 111). Concur—Sullivan, J. P., Tom, Rubin, Saxe and Buckley, JJ.