■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERT BRUNSON, Appellant. [707 NYS2d 1] —Judgment, Supreme Court, New York County (Colleen McMahon, J.), rendered November 6, 1997, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years, unanimously affirmed.

The challenged portions of the People's summation were responsive to issues raised by defendant in cross-examination and summation (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Specifically, defendant elicited information regarding two witnesses who were not called at trial and sought to draw inferences as to the testimony they might have provided had they been called. This opened the door to fair responses by the People that were based on the evidence.

While a comment by the prosecutor, directed at defense

counsel within the hearing of the jury, after the complainant broke down in tears during cross-examination, was inappropriate, defendant's motion for a mistrial was properly denied. The court made a thorough inquiry of each juror and each juror stated that he or she could put the comment aside and it would have no impact on his or her verdict.

The People did not violate their *Rosario* obligations by redacting the uncalled witness's address from an aided card since the address did not constitute *Rosario* material (*People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866; *People v Garcia*, 207 AD2d 718, *lv denied* 84 NY2d 1011). Moreover, the officer never mentioned the witness during direct examination and it was only on cross and redirect examination that the officer testified that he had spoken to this witness on the night of the incident and had taken down the information.

Since defendant failed to meet his burden of making a prima facie showing that the witnesses for whom he sought a missing witness charge were available or under the control of the People, his request was properly denied (*People v Gonzalez*, 68 NY2d 424). These witnesses' casual friendship with the complainant did not place them within the People's "control" for purposes of a missing witness charge (*People v Justice*, 202 AD2d 362, *lv denied* 83 NY2d 1004), nor were they in fact available to the People.

The court properly determined that there was no reasonable view of the evidence to support the submission of assault in the third degree as a lesser included offense of assault in the second degree (*see, People v Curtis*, 89 NY2d 1003).

Defendant's claim that the court unduly restricted his cross-examination of the complainant concerning pressure exerted upon him by the prosecution to testify is unpreserved (*see, People v George*, 67 NY2d 817, 819), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court afforded defendant ample latitude to develop this issue and properly exercised its discretion in restricting repetitive questioning.

We find no abuse of sentencing discretion.

By failing to object, or by making general objections, defendant failed to preserve his remaining claims and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Nardelli, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ.