THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH JACKSON, Appellant. [708 NYS2d 229] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion to suppress the showup identification by the victim. The police received a report of a burglary and robbery at a residence, with a description of the perpetrator as a black male in his early twenties, wearing dark trousers and a black coat that was possibly made of leather. Approximately five minutes after the crime, a police officer observed a man fitting that description in the vicinity of the crime. The officer drove around the block but, upon returning to that location, did not observe the man there. A few minutes later, on another street in the vicinity, the officer again observed a man, carrying a white bag under his arm, who fit the description given. The officer was not sure whether he was the same man the officer had observed earlier. The officer properly approached defendant and asked whether he could speak with him for a moment (*see, People v Hollman*, 79 NY2d 181, 184-185). When defendant then dropped the package and fled on foot, the officer had reasonable suspicion that a crime had been committed and was justified in pursuing defendant on foot (*see, People v Martinez*, 80 NY2d 444, 447). The officer lost sight of defendant but had radioed other officers in the area to set up a perimeter. Defendant attempted to evade police by entering a residence without the consent of the occupant. The police entered the residence, required defendant to lie on the floor to be handcuffed, and then transported defendant to the crime scene for the showup identification procedure.

We conclude that, on those facts, a reasonable person in defendant's position would believe that he was in custody when

handcuffed and placed in the police car (*see, People v Yukl*, 25 NY2d 585, 589, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851). Contrary to defendant's contention, the police had probable cause to arrest defendant before the victim identified him (*see, People v Brnja*, 50 NY2d 366, 372-374; *cf., People v Battaglia*, 82 AD2d 389, 395-397 [Hancock, J., dissenting], *revd on dissenting opn* 56 NY2d 558). Defendant fit the general description of the perpetrator, was in the vicinity of the crime scene within minutes of the crime, fled when approached by the police and attempted to evade the police by entering a house without the consent of the occupant (*see, People v Brnja, supra*, at 372-374). (Appeal from Judgment of Monroe County Court, Smith, J.—Burglary, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Scudder and Kehoe, JJ.