■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR COLLINS, Appellant. [730 NYS2d 511] —Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered July 21, 1999, convicting defendant, after a jury trial, of attempted burglary in the second degree and possession of burglar's tools, and sentencing him, as a persistent violent felony offender, to concurrent terms of 18 years to life and one year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence established that defendant came "dangerously close" to burglarizing an apartment and was in possession of burglar's tools where a witness had observed defendant trying to place a metal object inside the doorknob of her neighbor's apartment and, minutes later, police found defendant standing in the hallway near the apartment still holding a metal object that was sufficiently established to be a lock pick, as were other such objects found on his person (*see*, *People v Acosta*, 80 NY2d 665; *People v Mahboubian*, 74 NY2d 174, 190; *People v Van Etten*, 162 AD2d 976, *lv denied* 76 NY2d 1025). There is no requirement that a defendant take the final step necessary to accomplish the crime (*People v Bracey*, 41 NY2d 296, 300), and in this case any remaining steps necessary to enter the apartment could have been readily accomplished by defendant.

The court's erroneous answers to a jury note, which clearly pertained only to the issue of whether defendant entered the building unlawfully, did not infect the entire verdict and did not require the court to set aside defendant's attempted burglary and possession of burglar's tools convictions along with his burglary conviction. The court's decision to set aside only the burglary conviction was proper because the questions asked by the jury did not in any way concern defendant's conduct in attempting to enter the specific apartment unlawfully, and there was no danger of a spillover effect (*see*, *People v Doshi*, 93 NY2d 499). The People did not violate their obligations under *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866) by redacting the telephone numbers and addresses of 911 callers from *Rosario* material (*People v Brunson*, 270 AD2d 133, *lv denied* 95 NY2d 833; *People v Garcia*, 207 AD2d 718, *lv denied* 84 NY2d 1011).

After defendant elicited the fact that he had made an exculpatory statement to the police at the scene, the prosecutor

was clearly entitled to elicit on redirect examination that defendant's statement contained significant and unnatural omissions (*see, People v Savage*, 50 NY2d 673, 678-679, *cert denied* 449 US 1016).

Defendant was properly sentenced as a persistent violent felony offender. Defendant did not make a sufficient showing to warrant a hearing on his challenge to the constitutionality of his prior convictions. The alleged failings of the attorneys who represented him at his prior pleas of guilty did not constitute ineffective assistance (*see, People v Ford*, 86 NY2d 397, 404).

We perceive no basis for reduction of sentence.

We have considered and rejected defendant's remaining claims. Concur—Rosenberger, J. P., Tom, Lerner, Rubin and Friedman, JJ.