■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DINO MARTINEZ, Appellant. [734 NYS2d 138] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered July 16, 1998, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion made after the jurors observed an elderly witness require medical assistance immediately following his testimony. The court made a thorough inquiry, and each juror stated that he or she could be fair and that the

events would have no impact on his or her verdict (*see, People v Brunson*, 270 AD2d 133, *lv denied* 95 NY2d 833). Moreover, the court issued a curative instruction to the jurors, instructing them to disregard what had happened to the witness, and the jury is presumed to have followed the instruction (*People v Berg*, 59 NY2d 294, 299-300).

Defendant's claim that his sentence to the minimum term authorized by law was unconstitutional is unpreserved (*People v Ford*, 265 AD2d 248, *lv denied* 94 NY2d 880), and we decline to review it in the interest of justice. Were we to review this claim, we would find that imposition of the minimum term was not unconstitutional (*see, People v Broadie*, 37 NY2d 100, 111). Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent felony offender is likewise unpreserved for appellate review and, in any event, is without merit (*see, People v Rosen*, 96 NY2d 329, *cert denied* — US —, 122 S Ct 224). Concur—Sullivan, P. J., Nardelli, Andrias, Rubin and Saxe, JJ.