■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY GAINES, Appellant. [808 NYS2d 520]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered May 30, 2003. The judgment convicted defendant, after a nonjury trial, of attempted burglary in the second degree and unauthorized use of a vehicle in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) and unauthorized use of a vehicle in the third degree (§ 165.05 [1]). Defendant contends that the conviction of attempted burglary is not supported by legally sufficient evidence and that the verdict with respect to attempted burglary is against the weight of the evidence based on the inadequacy of the evidence of his alleged "attempt" to commit the crime of burglary and his alleged "intent" to commit a crime had he been successful in entering

the dwelling. We reject defendant's contention both with respect to attempt and intent (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The People presented evidence that defendant drove up the long driveway to access the victims' isolated house; that defendant did not know the homeowner; that defendant turned his vehicle around so that the rear of the vehicle abutted the garage; that defendant unscrewed the light bulbs from the outdoor light fixtures illuminating the garage area, turned the garage door handle from a horizontal to a vertical position, gouged the handle of the garage door and chipped the paint of the garage door; and that defendant had tools such as a hammer, a screwdriver, and channel locks in the front seat of the vehicle that he was driving when he was stopped by the police. Moreover, when a police car passed by the victims' home, defendant attempted to flee.

"[I]ntent can . . . 'be inferred from the defendant's conduct and the surrounding circumstances' . . . and 'indeed this may be the only way of proving intent in the typical case' of criminal attempt" (*People v Bracey*, 41 NY2d 296, 301 [1977]). Here, the People presented evidence establishing that defendant would have accomplished his criminal act had he not been interrupted by the arrival of the police and thus that he " 'carr[ied] the project forward within dangerous proximity to the criminal end to be attained' " (*id.* at 300). "The criminal intent of defendant 'can be inferred from his unexplained, unauthorized presence on the premises, from his actions while on the premises, and from his actions and assertions when confronted by the police' " (*People v Nuhibian*, 201 AD2d 962, 962-963 [1994], *lv denied* 83 NY2d 856 [1994]). County Court was entitled to discredit the testimony of defendant that he was at the victims' home in order to follow up on a complaint from a customer concerning the customer's newspaper delivery, particularly in view of the evidence that defendant was not a current employee of the newspaper on the date of the crime and that he was driving a vehicle that had been reported stolen (*see generally Bleakley*, 69 NY2d at 495). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Gorski, Green and Hayes, JJ.