■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS HIGHTOWER, Appellant. [834 NYS2d 768]—

Appeal from a judgment of the Supreme Court, Monroe

County (Joseph D. Valentino, J.), rendered June 23, 2004. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [1]), defendant contends that his statements to the police were the product of an unlawful arrest and that Supreme Court therefore erred in refusing to suppress them. We reject that contention. A person may properly be arrested if "the facts and circumstances known to the arresting officer warrant a prudent man in believing that the offense has been committed" (*People v Oden*, 36 NY2d 382, 384 [1975]), and "that the one arrested is its perpetrator" (*People v Carrasquillo*, 54 NY2d 248, 254 [1981]). Here, the police observed defendant running from the scene of the crime on an empty street at approximately 5:30 A.M., just minutes after the initial call reporting the burglary. He was then apprehended while walking on the next block, upon emerging from a thicket of bushes in a backyard, and he was sweating and breathing heavily. Under such circumstances, we conclude that the officer had probable cause to arrest defendant (*see People v Jackson*, 272 AD2d 991, 992 [2000], *lv denied* 95 NY2d 866 [2000]). Defendant failed to preserve for our review his further contention that his statements made after waiving his *Miranda* rights should be suppressed because they were part of a continuous chain of questioning that began before he was advised of his *Miranda* rights and waived them (*see People v Durrin*, 32 AD3d 665, 666 [2006]). In any event, that contention is without merit. The later statements were admissible because there was "a definite, pronounced break in questioning" (*id.* at 668). Present—Hurlbutt, J.P., Gorski, Smith, Fahey and Green, JJ.