■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARVIS ELDER, Appellant. (Appeal No. 1.) [896 NYS2d 559]—Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered February 4, 2009. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from two judgments each convicting him upon his plea of guilty of burglary in the second degree

(Penal Law § 140.25 [2]), defendant contends that County Court erred in failing to conduct a hearing to consider facts and circumstances that may have warranted concurrent sentences pursuant to Penal Law § 70.25 (2-b) rather than the consecutive sentences that were imposed. We conclude that the contention of defendant is actually a challenge to the severity of the sentence inasmuch as he ultimately seeks concurrent rather than consecutive sentences. That contention therefore is encompassed by defendant's valid waiver of the right to appeal (*see People v Hidalgo,* 91 NY2d 733, 737 [1998]; *People v Clark,* 239 AD2d 939 [1997], *lv denied* 90 NY2d 892 [1997]). In any event, defendant's contention is without merit. Section 70.25 (2-b) provides that where, as here, the defendant "is convicted of a violent felony offense committed after arraignment and while released on recognizance or bail, but committed prior to the imposition of sentence on a pending felony charge, and if [a] . . . sentence of imprisonment is imposed in each case, such sentences shall run consecutively. Provided, however, that the court may, in the interest of justice, order a sentence to run concurrently in a situation where consecutive sentences are required . . . if it finds . . . mitigating circumstances that bear directly upon the manner in which the crime was committed." Here, however, defendant failed to raise any facts or circumstances that bore "directly upon the manner in which the crime was committed" (*id.*), and thus the court did not abuse its discretion in failing to conduct a hearing with respect thereto (*see generally People v Garcia,* 84 NY2d 336 [1994]).

To the extent that the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to request such a hearing survives the plea and the waiver of the right to appeal (*see People v Santos,* 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), it is without merit (*see generally People v Ford,* 86 NY2d 397, 404 [1995]). Present— Scudder, P.J., Peradotto, Lindley and Sconiers, JJ.