■ The People of the State of New York ex rel. Kim Ragland, Appellant, v J.F. Bellnier, as Superintendent of Upstate Correctional Facility, Respondent. [920 NYS2d 919]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered July 16, 2009 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 2003, petitioner was convicted of burglary in the second degree as well as possession of burglar's tools and his conviction

was later affirmed on appeal (*People v Ragland*, 36 AD3d 943 [2007], *lv denied* 9 NY3d 925 [2007], *cert denied* 552 US 1317 [2008]). In 2009, he brought the instant application for a writ of habeas corpus contending that his detention is illegal because the penal statute under which he was convicted is unconstitutional. Supreme Court denied the application without a hearing. Petitioner appeals.

We affirm. It is well settled that habeas corpus relief is not available where a claim could have been raised on direct appeal or in the context of a CPL article 440 motion (*see People ex rel. Joseph v Napoli*, 75 AD3d 669, 669 [2010], *lv denied* 15 NY3d 711 [2010], *cert denied sub nom. Joseph v Griffin*, 563 US —, 131 S Ct 2108 [2011]; *People ex rel. Malik v State of New York*, 58 AD3d 1042, 1043 [2009], *appeal dismissed* 13 NY3d 815 [2009]). Here, petitioner's constitutional argument could have been raised in his direct appeal, but was not (*People v Ragland*, 36 AD3d at 943-944). Likewise, it does not appear to have been the subject of a CPL article 440 motion. Consequently, inasmuch as we perceive no extraordinary circumstances warranting a departure from traditional orderly procedure (*see People ex rel. Franza v Walsh*, 76 AD3d 1160, 1160 [2010], *lv denied* 15 NY3d 716 [2010]; *People ex rel. Hayden v Senkowski*, 306 AD2d 664, 665 [2003]), we find that Supreme Court properly denied petitioner's application.

Spain, J.P., Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.