■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JUNIOR COLLINS, Appellant, v J.F. BILLNIER, as Superintendent of Upstate Correctional Facility, Respondent. [929 NYS2d 778]—

In 2009, petitioner, an inmate, made application for a writ of habeas corpus seeking release from prison, claiming that his detention is illegal because the penal statute under which he was convicted (*People v Collins*, 287 AD2d 271 [2001]) is unconstitutional. Supreme Court denied the application without a hearing. Petitioner's appeal from that denial was originally filed in the Court of Appeals and then transferred to this Court.

We affirm. Notably, "habeas corpus relief is not an appropriate remedy for resolving claims that could have been . . . raised on direct appeal or in a postconviction motion" (*People ex rel. Lainfiesta v Lape*, 83 AD3d 1303 [2011], *lv denied* 17 NY3d 708 [2011]). Inasmuch as petitioner's constitutional argument could

have been raised in his direct appeal (*People v Collins*, 287 AD2d at 271-272) or federal habeas corpus application (*Collins v Artus*, 496 F Supp 2d 305 [2007]) and was not, habeas corpus relief is unavailable. Moreover, given the absence of "extraordinary circumstances warranting a departure from traditional orderly procedure" (*People ex rel. Ragland v Bellnier*, 83 AD3d 1351, 1352 [2011], *lv denied* 17 NY3d 706 [2011]), we find no basis to disturb Supreme Court's denial of petitioner's application.

Peters, J.P., Spain, Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.