# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1172**
**KA 10-00082**
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

CLARENCE MOSS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered January 7, 2010. The judgment convicted defendant, upon a jury verdict, of attempted burglary in the third degree and possession of burglar's tools.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20) and possession of burglar's tools (§ 140.35), defendant contends that Supreme Court erred in refusing to suppress his statement to the police and the items discovered on his person. We reject that contention. The police officers had reasonable suspicion to stop and detain defendant "based on the totality of the circumstances, including 'a radio transmission providing a general description of the perpetrator[] of [the] crime . . .[,] the . . . proximity of the defendant to the site of the crime, the brief period of time between the crime and the discovery of the defendant near the location of the crime, and the [officer's] observation of the defendant, who matched the radio-transmitted description' " (*People v Casillas*, 289 AD2d 1063, 1064, *lv denied* 97 NY2d 752; *see People v Clinkscales*, 83 AD3d 1109, *lv denied* 17 NY3d 815; *People v Ramos*, 74 AD3d 991, 992, *lv denied* 15 NY3d 808). Even assuming, arguendo, that the 911 call to which the officers were responding was made by an anonymous caller, we conclude that the information provided by the caller was sufficiently corroborated to provide reasonable suspicion (*see People v Jeffery*, 2 AD3d 1271). Indeed, the call was "based on the contemporaneous observation of conduct that was not concealed," i.e., an African-American male breaking into a vacant house (*id.* at 1272). With respect to defendant's statement to the police that he was stealing cable, we conclude that the record of the suppression

hearing "supports the court's determination that defendant spontaneously made that statement [inasmuch as] it was not the product of express questioning or its functional equivalent" (*People v Cheatom*, 57 AD3d 1447, 1447, *lv denied* 12 NY3d 782 [internal quotation marks omitted]).  Thus, *Miranda* warnings were not required with respect to that statement.

We reject defendant's further contention that the CPL 710.30 notice did not provide him with adequate notice of his oral statement that the People intended to introduce at trial.  According to the CPL 710.30 notice, defendant stated that he "was just going to steal some cable from the house . . . ."  At trial, a police officer testified that defendant stated that he "went into the house to steal cable." Defendant objected to that testimony and subsequently moved for a mistrial.  "[T]he People were not required to 'give a verbatim report of the complete oral statement[s] in their CPL 710.30 notice' " (*People v Simpson*, 35 AD3d 1182, 1182, *lv denied* 8 NY3d 990).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Lane*, 7 NY3d 888, 889; *People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678; *People v Woodard*, 83 AD3d 1440, 1441, *lv denied* 17 NY3d 803).  In any event, that contention is without merit (*see People v Gaines*, 26 AD3d 742, *lv denied* 6 NY3d 847; *see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Finally, "[i]n light of defendant's lengthy criminal history, the sentence is [not] unduly harsh [or] severe" (*People v Spiers*, 300 AD2d 1033, 1034, *lv denied* 99 NY2d 620).

Entered:  November 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court