# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**890**

**KA 12-02256**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

TEDDERICK A. GILMER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered October 23, 2012. The judgment convicted defendant, upon a nonjury verdict, of attempted burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence inasmuch as his motion for a trial order of dismissal at the close of his proof was not specifically directed at the alleged error raised on appeal (*see People v Beard*, 100 AD3d 1508, 1509; *People v Neary*, 56 AD3d 1224, 1224, *lv denied* 11 NY3d 928). In any event, defendant's challenge is without merit. At trial, the victim testified that someone broke in the front door to her home, broke a small plexiglass window adjacent to the front door, and stole various items from her home. In addition, the People presented evidence that defendant's fingerprints were found on an unopened window and on a piece of plexiglass from a broken window adjacent to the front door. The People also presented evidence that defendant told the police that he went to the victim's home for the purpose of breaking in and that he unsuccessfully tried to open a window to the home, but that he never entered the home. Contrary to defendant's contention, the evidence is legally sufficient to establish that he "must have engaged in conduct that came dangerously near commission of the completed crime" of burglary in the second degree (*People v Naradzay*, 11 NY3d 460, 466, *rearg dismissed* 17 NY3d 840 [internal quotation marks omitted]; *see People v Van Etten*, 162 AD2d 976, 976-977, *lv denied* 76 NY2d 1025). Contrary to defendant's further contention, viewing the evidence in

light of the elements of the crime in this bench trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see People v Gaines*, 26 AD3d 742, 742-743, *lv denied* 6 NY3d 847; *see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contention that he did not waive his *Miranda* rights before making a statement to the police (*see generally People v Rumrill*, 40 AD3d 1273, 1274, *lv denied* 9 NY3d 926; *People v Hightower*, 39 AD3d 1247, 1248, *lv denied* 9 NY3d 845). In any event, defendant's contention lacks merit. "Where, as here, a defendant has been advised of his *Miranda* rights and within minutes thereafter willingly answers questions during interrogation, 'no other indication prior to the commencement of interrogation is necessary to support a conclusion that the defendant implicitly waived those rights' " (*People v Goncalves*, 288 AD2d 883, 884, *lv denied* 97 NY2d 729, quoting *People v Sirno*, 76 NY2d 967, 968; *see People v Hale*, 52 AD3d 1177, 1178).

Defendant contends that he was denied his right to counsel when the police questioned him concerning the instant crime while he was in custody and represented by counsel in another case. We reject that contention. According to the testimony of a police detective at the *Huntley* hearing, defendant had been sentenced on an unrelated case before the detective questioned him regarding this crime, and "[Supreme] Court therefore properly determined that the police were not precluded from questioning him regarding the instant crime[]" (*People v Koonce*, 111 AD3d 1277, 1278; *see People v Robles*, 72 NY2d 689, 695).

We reject defendant's contention that he was denied effective assistance of counsel during the pretrial plea negotiations on the ground that defense counsel allegedly failed to inform him of the prosecution's plea offer. Here, the record establishes that defense counsel informed defendant of the plea offer in writing and during a meeting shortly before defendant provided testimony to the grand jury, and thus defendant is unable to meet his burden of establishing " 'that a plea offer was made, that defense counsel failed to inform him of that offer, and that he would have been willing to accept the offer' " (*People v Fernandez*, 5 NY3d 813, 814; *see People v Howard*, 12 AD3d 1127, 1128). Contrary to defendant's further contention, reversal is not warranted on the ground that defense counsel took a position adverse to defendant in contradicting defendant's assertion that he failed to inform defendant of the plea offer. The court cured any prejudice to defendant by assigning new counsel for defendant and conducting a hearing on the issue whether defendant's initial attorney failed to inform him of the plea offer (*see People v Stephens*, 291 AD2d 841, 841-842; *People v Santana*, 156 AD2d 736, 737; *see generally People v Lewis*, 2 NY3d 224, 228-229).

Finally, we conclude that the court did not abuse its discretion in directing that defendant's sentence was to run consecutively to, rather than concurrently with, a sentence imposed for an unrelated conviction (*see* Penal Law § 70.25 [2-b]; *see generally People v Elder*,

71 AD3d 1483, 1484, *lv denied* 16 NY3d 743, *reconsideration denied* 16 NY3d 858).