People ex rel. Wright v Coveny (2020 NY Slip Op 06332)





People ex rel. Wright v Coveny


2020 NY Slip Op 06332


Decided on November 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 5, 2020

530803

[*1]The People of the State of New York ex rel. Glasco Wright, Appellant,
v
Raymond Coveny, as Superintendent of Elmira Correctional Facility, Respondent.

Calendar Date: October 30, 2020

Before: Garry, P.J., Lynch, Clark, Mulvey and Devine, JJ.


Glasco Wright, Elmira, appellant pro se.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.



Appeal from an order of the Supreme Court (Rich Jr., J.), entered January 9, 2020 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
In 1988, petitioner was arrested in Albany County for, among other things, allegedly possessing a controlled substance and, during processing for that arrest, made statements that he had killed two people in New York City. The following day, petitioner was transferred to the custody of the New York City Police Department, where he was arrested on second-degree murder charges. In 1990, petitioner was convicted of two counts of murder in the second degree and sentenced to concurrent prison terms of 25 years to life. Petitioner's conviction was affirmed on appeal (People v Wright, 176 AD2d 473 [1991], lv denied 79 NY2d 834 [1991]). In 2018, petitioner filed a motion pursuant to CPL 440.10, claiming that he was illegally arrested due to the lack of an arrest warrant in violation of the "Interstate Extradition and Rendition Act," which was denied. Petitioner then commenced this CPLR article 70 proceeding seeking a writ of habeas corpus claiming that his alleged rendition to the custody of New York City Police Department and subsequent arrest was unlawful. Supreme Court denied the application, without a hearing. Petitioner appeals.
We affirm. Habeas corpus relief is unavailable where, as here, petitioner's claims "were or could have been raised on direct appeal or in a CPL article 440 motion, even if they are jurisdictional in nature" (People ex rel. Hemphill v Rock, 95 AD3d 1579, 1579 [2012] [internal quotation marks and citation omitted]; see People ex rel. Brown v Artus, 64 AD3d 1064, 1064 [2009], lv denied 13 NY3d 709 [2009]). As a review of the record does not reflect any "extraordinary circumstances warranting a departure from traditional orderly procedure" (People ex rel. Collins v Billnier, 87 AD3d 1208, 1209 [2011] [internal quotation marks and citation omitted], lv denied 18 NY3d 802 [2011]), we find no basis upon which to disturb the denial of petitioner's application.
Garry, P.J., Lynch, Clark, Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.