■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN JOHNSON, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Friedmann, J.), both rendered May 4, 1989, convicting him of bail jumping in the first degree under Indictment No. 2940/88, and bail jumping in the first degree under Indictment No. 2941/88, respectively, upon jury verdicts, and sentencing him to consecutive indeterminate terms of 3 to 6 years imprisonment.

Ordered that the judgments are modified, as a matter of discretion in the interest of justice, by reducing the terms of imprisonment to two concurrent indeterminate terms of 3 to 6 years imprisonment; as so modified, the judgments are affirmed.

That six of the defendant's prior convictions, none of which bears any similarity to bail jumping, were allowed to be used by the jury for the purpose of evaluating the defendant's credibility does not establish undue prejudice. The court continuously reminded the jury about the limited use to which the prior convictions could be put. The court's suppression of the factual background underlying the defendant's prior con-

victions highlights its awareness of the potential prejudice which might inure to the defendant if the prosecutor were permitted to bring out the violent nature of the defendant's prior actions. Under the circumstances, the court properly exercised its broad discretion in balancing the interests of the prosecutor with the rights of the defendant *(see, People v Williams,* 56 NY2d 236, 239; *People v Sandoval,* 34 NY2d 371; *People v Smith,* 138 AD2d 759).

In view of the aggregate length of the defendant's sentences for the underlying acts, we are of the opinion that the imposition of consecutive sentences for the two convictions of bail jumping was unwarranted. This is not to suggest that consecutive sentences are improper, inasmuch as the offenses in question constituted separate and distinct acts for which the imposition of consecutive sentences was discretionary *(see,* Penal Law § 70.25 [1]; *People v Brathwaite,* 63 NY2d 839, 843). We nevertheless modify the sentences as a matter of discretion in the interest of justice.

We have considered the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be without merit. Bracken, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.