■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM KING, JR., Appellant, v GEORGE DUNCAN, as Superintendent of Great Meadow Correctional Facility, Respondent. [723 NYS2d 416] —Mugglin, J. Appeal from a judgment of the Supreme Court (Berke, J.), entered August 24, 2000 in Washington County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner filed this application for a writ of habeas corpus asserting that the District Attorney's cross-examination of him before the Grand Jury was prejudicial and inflammatory, rendering the indictment invalid and the court without jurisdiction to proceed. Petitioner further asserts that he should be allowed to raise this issue in this proceeding, rather than on direct appeal, because his trial counsel and appellate counsel were the same person, that this person had a conflict of interest with petitioner, and that he was therefore "constructively" denied counsel on appeal. To the extent that this application can be viewed, as Supreme Court did,* as a claim of ineffective assistance of appellate counsel, we affirm Supreme Court's dismissal of the application. "[I]t is well settled that a writ of habeas corpus is an improper vehicle for testing a claim of ineffective assistance of appellate counsel" (*People ex rel. Hendy v Leonardo*, 173 AD2d 992, *lv denied* 78 NY2d 857; *see, People v Bachert*, 69 NY2d 593).

---

* We note that the judgment appealed from recites that on June 8, 1999, Supreme Court dismissed a previous application for a writ of habeas corpus on the ground that the Grand Jury proceeding resulting in his indictment was defective. Petitioner apparently did not appeal that ruling.

We next turn to petitioner's request that, in the event we find that habeas corpus is unavailable, we convert this proceeding to an application for a writ of error coram nobis. Coram nobis is the proper vehicle for petitioner to challenge the effectiveness of his appellate counsel (*see, People v Bachert, supra*), and appellate courts may convert a civil proceeding into one which is proper in form pursuant to CPLR 103 (c) (*see, People ex rel. Brown v New York State Div. of Parole*, 70 NY2d 391, 398). Notably, petitioner's application for coram nobis relief with respect to his prior conviction, which was affirmed by this Court (*People v King*, 170 AD2d 710, *lv denied* 77 NY2d 997), would have to be served upon the Albany County District Attorney's Office (*see, e.g., People v Hacker*, 162 AD2d 815; *People v Harris*, 131 AD2d 142). Given, *inter alia*, the absence of proper service, petitioner's request to convert the proceeding to a writ of coram nobis is denied.

Cardona, P. J., Mercure, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.