■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHNATHAN JOHNSON, Appellant, v MICHAEL MCGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [812 NYS2d 385]—

Appeal from a judgment of the Supreme Court (Rumsey, J.), entered July 12, 2005 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner is currently incarcerated at Southport Correctional Facility in Chemung County, having been convicted of the crimes of kidnapping in the second degree, attempted rape in the first degree, robbery in the first degree and two counts of bail jumping in the first degree (*see People v Johnson*, 181 AD2d 914 [1992], *lv denied* 80 NY2d 833 [1992], *cert denied sub nom. Johnson v Senkowski*, 511 US 1037 [1994]; *People v Johnson*, 176 AD2d 756 [1991]; *People v Johnson*, 163 AD2d 613 [1990], *lv denied* 76 NY2d 940 [1990]). He has made prior unsuccessful motions pursuant to CPL article 440 to vacate his convictions, as well as previous applications for habeas corpus relief, which were denied (*see People ex rel. Johnson v Walker*, 262 AD2d

1005 [1999], *lv denied* 93 NY2d 818 [1999], *cert denied* 528 US 1165 [2000]; *People ex rel. Johnson v Stinson*, 233 AD2d 634 [1996], *lv denied* 89 NY2d 807 [1997]). He now makes another application for a writ of habeas corpus, which Supreme Court denied without a hearing. This appeal ensued.

Petitioner raises a number of grounds for the relief sought in his application, the primary one being that he was denied the effective assistance of counsel. Upon reviewing the petition, we agree with Supreme Court that inasmuch as such claims were or could have been raised in petitioner's direct appeals or in his CPL article 440 motions, habeas corpus relief is inappropriate (*see People ex rel. Tunstall v Miller*, 24 AD3d 921 [2005]; *People ex rel. Reed v Travis*, 12 AD3d 1102, 1103 [2004], *lv denied* 4 NY3d 704 [2005]). Consequently, Supreme Court properly denied petitioner's application.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.