■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JEAN FRANTZ, Appellant, v JOSEPH T. SMITH, as Superintendent of Shawangunk Correctional Facility, Respondent. [826 NYS2d 775]—

Spain, J. Appeal from a judgment of the Supreme Court (Work, J.), entered December 20, 2005 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was convicted of murder in the second degree (two counts), robbery in the first degree (two counts), robbery in the second degree and criminal possession of a weapon in the second degree. The judgment was affirmed on appeal (*People v Frantz [Jean-Louis]*, 272 AD2d 626 [2000], *lv denied* 95 NY2d 889, 890 [2000]). Petitioner commenced this proceeding in 2005 pursuant to CPLR article 70 for a writ of habeas corpus alleging that he is improperly detained by respondent because his certificate of conviction was not signed by the trial judge. Supreme Court dismissed the petition and we affirm. Because petitioner could have raised this argument either on his direct appeal or by way of a motion pursuant to CPL article 440, relief pursuant to habeas corpus is not a proper remedy (*see People ex rel. Burr v Smith*, 6 AD3d 841 [2004], *lv denied* 3 NY3d 605 [2004]). In addition, were petitioner to be successful in his argument, habeas corpus relief is unavailable because he would not be entitled to immediate release from prison (*see id.*).

Moreover, petitioner's underlying argument has no merit. A certificate issued by the clerk of the criminal court certifying that the judgment of conviction against defendant has been entered in the court, as is the case here, constitutes presump-

tive evidence of the facts stated therein (*see* CPL 60.60 [1]). That certificate constitutes authority for the execution of the sentence and serves as the order of commitment (*see* CPL 380.60).

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.