■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER KING, Appellant, v FLOYD BENNETT, as Superintendent of Elmira Correctional Facility, Respondent. [846 NYS2d 399]—

Spain, J. Appeal from a judgment of the Supreme Court (Rumsey, J.), entered July 17, 2006 in Chemung County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1986, petitioner was convicted, following a jury trial, of two counts of murder in the second degree and sentenced to a prison term of 25 years to life. His direct appeal was dismissed as untimely; between that time and the commencement of the present habeas corpus petition, he has commenced seven unsuccessful postconviction proceedings—including three motions pursuant to CPL 440.10, a motion for a writ of error coram

nobis contending that his appellate counsel was ineffective, one previous petition for a writ of habeas corpus pursuant to CPLR article 70 and an application for a writ of habeas corpus in federal court. In the instant petition for a writ of habeas corpus, petitioner presents an extensive list of alleged errors at the trial level in his attempt to seek review of his conviction. Finding both that the grounds advanced by petitioner had been or could have been raised on direct appeal or by collateral motion and that habeas relief was not appropriate because success would not entitle petitioner to immediate release from custody, Supreme Court dismissed the petition. Petitioner appeals and we now affirm.

Under firmly established law, an application for a writ of habeas corpus is not the appropriate vehicle for claims which could have been raised on direct appeal or in a collateral motion (*see People ex rel. Frantz v Smith*, 35 AD3d 1024, 1024 [2006], *lv denied* 8 NY3d 806 [2007]; *People ex rel. Wright v Miller*, 16 AD3d 746, 746 [2005], *lv denied* 5 NY3d 703 [2005]; *People ex rel. King v Duncan*, 282 AD2d 908, 908 [2001], *lv denied* 96 NY2d 716 [2001]). A review of the petition reveals no issue which could not have been raised by one of these other means. In any event, inasmuch as none of the grounds asserted by petitioner would entitle him to immediate release from custody, habeas corpus relief is additionally inappropriate here (*see People ex rel. Kaplan v Commissioner of Correction of City of N.Y.*, 60 NY2d 648, 649 [1983]; *People ex rel. Douglas v Vincent*, 50 NY2d 901, 903 [1980]; *People ex rel. Brown v Keane*, 284 AD2d 813, 813 [2001]; *People ex rel. Carter v Miller*, 261 AD2d 674, 675 [1999]).

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.