■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHNATHAN JOHNSON, Appellant, v JOHN W. BURGE, as Superintendent of Elmira Correctional Facility, Respondent. [849 NYS2d 457]—

Appeal from a judgment of the Supreme Court (Rumsey, J.), entered August 24, 2006 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

As a result of various convictions stemming from four separate indictments, petitioner is currently serving an aggregate prison sentence of 18 to 36 years (*see People v Johnson*, 181 AD2d 914 [1992], *lv denied* 80 NY2d 833 [1992]; *People v Johnson*, 176 AD2d 756 [1991]; *People v Johnson*, 163 AD2d

613 [1990], *lv denied* 76 NY2d 940 [1990]). He has made numerous postconviction motions and unsuccessfully commenced sundry proceedings, in state and federal court, for writs of habeas corpus. In this latest application for a writ of habeas corpus, petitioner again claims that the trial courts improperly allowed the District Attorney to amend, prior to trial, the indictments charging him with robbery in the first degree and bail jumping in the first degree. Supreme Court dismissed the petition without a hearing and denied petitioner's subsequent motion for reconsideration. Petitioner now appeals from the judgment dismissing the petition.

Inasmuch as petitioner's arguments were asserted on direct appeal from his convictions, as well as in various postconviction motions, they are not proper subjects of this habeas corpus proceeding (*see People ex rel. Washington v Walsh*, 43 AD3d 1217 [2007], *lv denied* 9 NY3d 816 [2007]; *People ex rel. Rivas v Walsh*, 40 AD3d 1327, 1328 [2007], *lv denied* 9 NY3d 814 [2007]; *see also People v Cuadrado*, 9 NY3d 362, 365 [2007]). In any event, petitioner's claims, even if successful, would not entitle him to immediate release from custody, thus rendering habeas corpus relief unavailable to him (*see People ex rel. King v Bennett*, 45 AD3d 1015, 1016 [2007]).

Peters, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.