◼ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD VAN STEENBURG, Appellant, v JOSEPH WASSER, as Sullivan County Sheriff, Respondent. [893 NYS2d 379]—

Peters, J.

In 1992, after his arrest at the State Police barracks in the Village of Liberty, Sullivan County in connection with the kidnapping and rape of his ex-wife, petitioner escaped through a barracks window. Petitioner was apprehended and, following a preliminary hearing on the escape charge, the Village of Liberty Justice Court found sufficient evidence to hold him for action of the grand jury and set bail. In November 1992, petitioner commenced a proceeding pursuant to CPLR article 70 for a writ of habeas corpus, alleging that he was unlawfully detained on the escape charge because the evidence adduced at the preliminary hearing was insufficient to establish that the crime of escape was committed, that the Justice Court did not have geographic jurisdiction over his offenses and that his bail was excessive. Finding no merit to petitioner's assertions, County Court (Kane, J.) dismissed the petition. Petitioner was then charged in a multicount indictment with numerous crimes including kidnap-

ping in the second degree, rape in the first degree and escape in the first degree. He was convicted as charged and the judgment of conviction was affirmed on appeal (*People v Van Steenburg*, 221 AD2d 799 [1995], *lv denied* 87 NY2d 978 [1996]).

In 2007, following several unsuccessful postconviction proceedings, petitioner moved to vacate the judgment dismissing his 1992 habeas corpus petition on the grounds of fraud and lack of jurisdiction (*see* CPLR 5015 [a] [3], [4]). County Court (LaBuda, J.) denied the motion, as well as petitioner's subsequent motion to renew/vacate that order. Petitioner now appeals, and we affirm.

"Habeas corpus relief is available only if an inmate can demonstrate that he or she is entitled to immediate release from prison" (*People ex rel. Porter v Napoli*, 56 AD3d 830, 831 [2008] [citations omitted]; *see People ex rel. Kaplan v Commissioner of Correction of City of N.Y.*, 60 NY2d 648, 649 [1983]). Here, following the dismissal of his habeas corpus petition, petitioner was indicted by a grand jury and convicted (*People v Van Steenburg, supra*). As the grand jury had authority to indict, regardless of any claimed defects in the earlier proceedings, and the issuance of the indictment superceded all prior proceedings in the local criminal court, any purported defects in those proceedings are rendered academic (*see People v Hart*, 25 AD3d 815, 816 [2006], *lv denied* 6 NY3d 834 [2006]; *People v Winch*, 50 AD2d 948 [1975]; *People v Wright*, 28 AD2d 602, 602 [1967]). Thus, even were petitioner to be successful in the arguments raised in his petition, he would not be entitled to immediate release from prison (*see People ex rel. Green v Smith*, 34 AD3d 910, 911 [2006], *lv denied* 8 NY3d 806 [2007]; *People ex rel. Brown v Keane*, 284 AD2d 813 [2001]). To the extent that petitioner now argues that there were additional errors prior to and during his trial that entitle him to habeas corpus relief, we need only note that such relief is not a proper remedy because he could have raised or did raise these arguments on his direct appeal or by way of his unsuccessful CPL article 440 motions (*see People ex rel. Meehan v Woods*, 41 AD3d 1055, 1056 [2007], *lv denied* 9 NY3d 815 [2007]; *People ex rel. Frantz v Smith*, 35 AD3d 1024, 1024 [2006], *lv denied* 8 NY3d 806 [2007]).

Nor did County Court err in denying petitioner's motions. As to the motions to vacate, to the extent that the arguments raised in those motions differ from those in his habeas corpus petition, petitioner failed to demonstrate any fraud by an adverse party or lack of jurisdiction by the court to render either the 1992 judgment or 2007 order (*see* CPLR 5015 [a] [3], [4]). Further, as petitioner neither alleged new facts that would change the prior

determination on his 2007 motion nor proffered a reasonable justification as to why such information was not previously submitted (*see* CPLR 2221 [e]), the denial of his motion to renew was also proper.

Mercure, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment and orders are affirmed, without costs.