[992 NYS2d 876]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT KENNEDY, Petitioner, v WARDEN, VERNON C. BAIN CENTER, et al., Respondents.

Supreme Court, Bronx County, September 15, 2014

## APPEARANCES OF COUNSEL

*The Legal Aid Society*, New York City (*Elon Harpaz* of counsel), for petitioner.

*Eric T. Schneiderman, Attorney General,* New York City (*Anna Hehenberger* of counsel), for respondents.

**OPINION OF THE COURT**

RICHARD LEE PRICE, J.

Petitioner, by writ of habeas corpus submitted April 9, 2014, moves for an order vacating his parole warrant and releasing him from the custody of New York State Department of Corrections and Community Supervision (DOCCS or respondent) on the basis that he is being illegally detained because DOCCS failed to provide him with a timely preliminary hearing in violation of Executive Law § 259-i (3) (c) (i) and (iv), and the Due Process Clauses of the Fourteenth Amendment of the US Constitution and NY Constitution, article I, § 6. By decision and order dated June 24, 2014, this court dismissed petitioner's writ. This expands that decision.

## Background and Procedural History

Petitioner is an Interstate Compact for Adult Offender Supervision (ICAOS) parolee from the State of Texas, who was convicted of criminal sale of a controlled substance in the first degree. On January 2, 2008, petitioner was released to parole supervision in New York, agreeing to comply with certain DOCCS conditions imposed upon his release. At that time, DOCCS placed petitioner on notice that his failure to abide by those conditions would result in the revocation of his parole. Such conditions included:

"Conditions of Release . . .

"2. I will make office and/or written reports as directed. . . .

"4. I will permit my Parole Officer to visit me at my residence and/or place of employment and I will permit the search and inspection of my person, residence, and property. I will discuss any proposed changes in my residence, employment or program status with my Parole Officer. I understand that I have an immediate and continuing duty to notify my Parole Officer of any changes in my residence, employment or program status when circumstances beyond my control make prior discussion impossible. . . .

"6. I will notify my Parole Officer immediately any time I am in contact with or arrested by any law

enforcement agency. I understand that I have a continuing duty to notify my Parole Officer of such contact or arrest. . . .

"8. I will not behave in such manner as to violate the provisions of any law to which I am subject, which provide for a penalty of imprisonment, nor will my behavior threaten the safety or well-being of myself or others."

DOCCS contends that on September 13, 2011, and thereafter, petitioner violated rule No. 4 of the rules governing his parole. That is, petitioner failed to remain at his approved residence on 245 East 24th Street, New York, and further failed to notify Parole Officer Ortiz of his change in residence.

DOCCS further alleges that on October 12, 2011, petitioner violated rule No. 2 by failing to appear for his office report at 314 West 40th Street, New York, as Parole Officer Ortiz had directed him to do so the day before.

Finally, DOCCS contends that petitioner violated rule No. 8 by selling a controlled substance at Neptune Avenue and West 22nd Street in Brooklyn, New York, for which he was subsequently arrested. He then failed to notify Parole Officer Ortiz as required by rule No. 6. Petitioner eventually entered a plea of guilty to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) in Kings County Criminal Court.

As a consequence of these events, DOCCS declared petitioner delinquent and issued a violation of release report (VRR) charging petitioner with violating the above-stated conditions of parole (*see* respondent's exhibit A). On January 12, 2012, DOCCS discharged him from its supervision (*see* respondent's exhibit C).

On July 19, 2012, Texas notified New York that it had issued a pre-revocation warrant for petitioner, which provided that petitioner "be arrested, detained and housed until such time as he may be placed in the custody of an agent of the Texas Department of Criminal Justice, Correctional Institutions Division or the Board of Pardon[s] and Paroles." That pre-revocation warrant further provided, "this shall be your sufficient warrant" (*see* respondent's exhibit G). Moreover, Texas specifically requested that, as a courtesy, New York conduct a probable cause hearing if and when petitioner returned to DOCCS custody.

On or about November 27, 2013, petitioner was taken into custody in Queens County, and charged with criminal mischief

in the third degree and other related charges. The Texas fugitive warrant was lodged, and petitioner was remanded into custody.

On January 23, 2014, New York, through DOCCS, provided petitioner with a preliminary hearing as a courtesy to Texas (*see* respondent's exhibit J). Proceeding on VRR charge No. 1, Hearing Officer Burnett determined there was probable cause to believe that petitioner failed to report as instructed, this violating rule No. 2.

On March 12, 2014, the Texas Department of Criminal Justice confirmed that its warrant holding petitioner remains active. He is, therefore, eligible for extradition to the State of Texas upon disposition of the criminal matter (*see* respondent's exhibit L).

## Discussion

Petitioner's claim that he was denied a timely preliminary hearing is without merit. Rule 5.103-1 (b) of the ICAOS agreement provides, in relevant part, that

> "[i]f an offender who has absconded is apprehended on a sending state's warrant within the jurisdiction of the receiving state that issued the violation report and case closure, the receiving state shall, upon request by the sending state, conduct a probable cause hearing as provided in Rule 5.108 (d) and (e) unless waived as provided in Rule 5.108 (b)."

Here, petitioner contends that he was entitled to a preliminary hearing within 15 days of the fugitive warrant's execution, which occurred on November 28, 2013. Rule 5.108, however, contains no such requirement. In fact, it mandates no specific time frame within which a probable cause hearing must be conducted. Petitioner's reliance on rule 5.108 therefore fails.

Similarly, petitioner's reliance on Executive Law § 259-m (1) (A) (2) also fails. While Executive Law § 259-m (1) (A) (2) provides that an ICAOS parolee be entitled to the same rights afforded parolees of the supervising state, it presumes that such state is actively supervising the parolee. Unlike a New York parolee, who continuously remains under the jurisdictional authority of DOCCS, non-New York parolees do not. In fact, pursuant to the ICAOS, supervision of non-New York parolees is provided merely as a courtesy to the parolees' state. But they are not parolees of New York. As such, the "rights" to which an ICAOS parolee is entitled exist only to the extent that supervision is ongoing.

Here, petitioner is a parolee of Texas. He was first arrested in Texas and convicted of criminal sale of a controlled substance in the first degree. On or about January 2, 2008, the Texas Board of Pardons and Paroles released him from custody to be supervised in New York by DOCCS. Upon violating the conditions of his release by failing to make his office visits as directed, and engaging in criminal conduct and failing to notify his parole officer, DOCCS discharged petitioner from its supervision. Texas then notified New York that it had issued a pre-revocation warrant for him. In March 2014, the Texas Department of Criminal Justice confirmed that its warrant holding him was active. Thus, he was being held pursuant to the Texas warrant, not a DOCCS parole warrant. New York terminated its supervision of him in 2012 when he first violated the release terms and conditions. Petitioner's inability to adhere to the rules of his conditional release to parole supervision, then, subjected him to the authority of Texas, not New York. Since he was neither being supervised nor held by New York, petitioner's reliance on Executive Law § 259-m (1) (A) (2) is inapposite.

Moreover, the Attorney General correctly argues that petitioner is also ineligible for habeas relief. A writ of habeas corpus may be sustained only when the petitioner is subject to immediate release from custody (*see People ex rel. Kaplan v Commissioner of Correction of City of N.Y.*, 60 NY2d 648 [1983]; *People ex rel. Van Steenburg v Wasser*, 69 AD3d 1135 [3d Dept 2010]). Here, petitioner is not subject to immediate release because the Texas fugitive warrant remains active. True, petitioner currently has a pending criminal matter in Queens County. But he is in custody pursuant to the Texas warrant. Texas must, therefore, be afforded the opportunity to retake him into its custody by way of extradition upon disposition of the New York case. New York, then, possesses no authority to lift the Texas fugitive warrant. As such, he must remain in custody. Hence, habeas relief is not only inappropriate, it is entirely unavailable.

## Conclusion

Based on the reasons stated above, petitioner's claim that he is being illegally detained because DOCCS failed to provide him with a timely preliminary hearing in violation of Executive Law § 259-i (3) (c) (i) and (iv), and the Due Process Clauses of the Fourteenth Amendment of the US Constitution and NY Constitution, article I, § 6, is without merit. Regardless, petitioner is

not entitled to habeas relief. Petitioner's application for a writ of habeas corpus is therefore dismissed.