People ex rel. Price v Graham (2019 NY Slip Op 01905)





People ex rel. Price v Graham


2019 NY Slip Op 01905


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.


177 KAH 18-00368

[*1]The People of the State of New York ex rel. Theodore Price, Petitioner-appellant,
v
HAROLD GRAHAM, SUPERINTENDENT, AUBURN CORRECTIONAL FACILITY, RESPONDENT-RESPONDENT. 






CHARLES A. MARANGOLA, MORAVIA, FOR PETITIONER-APPELLANT.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered September 19, 2017 in a habeas corpus proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner seeks habeas corpus relief based on his contention that the two misdemeanor informations filed against him in Syracuse City Court were facially insufficient and thus jurisdictionally defective. Supreme Court properly dismissed the petition inasmuch as petitioner could have raised his contention on his direct appeal from the judgment of conviction that stemmed from the same incident that gave rise to those misdemeanor informations (People v Price, 129 AD3d 1484 [4th Dept 2015], lv denied 26 NY3d 970 [2015]), or in a motion pursuant to CPL article 440 (see People ex rel. Martinez v Graham, 98 AD3d 1312, 1312 [4th Dept 2012], lv denied 20 NY3d 853 [2012]). In any event, we note that petitioner's contention is without merit inasmuch as the misdemeanor informations were superseded by a valid, unchallenged indictment on which defendant was prosecuted and found guilty (see People v Hart, 25 AD3d 815, 816 [3d Dept 2006], lv denied 6 NY3d 834 [2006]; see also People ex rel. Van Steenburg v Wasser, 69 AD3d 1135, 1136 [3d Dept 2010], lv denied in part and dismissed in part 14 NY3d 883 [2010]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court