■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ECHO WESTLEY DIXON, Appellant, v D. ROCK, as Superintendent of Upstate Correctional Facility, Respondent. [912 NYS2d 469]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered May 26, 2010 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In February 2003, petitioner was convicted of two counts of arson in the second degree and one count of arson in the third degree and was sentenced as a second violent felony offender to an aggregate term of 12 years in prison. Petitioner's judgment of conviction was affirmed on appeal (*People v Dixon*, 19 AD3d 131 [2005], *lv denied* 5 NY3d 805 [2005]). Petitioner thereafter moved to vacate his judgment of conviction pursuant to CPL 440.10, and Bronx County Court (Cirigliano, J.) issued a written decision denying the motion, without a hearing, finding that the issues raised by petitioner could have been reviewed on direct appeal. In March 2003, petitioner was convicted of robbery in the second degree and sentenced as a second violent felony offender to 10 years in prison, and that judgment of conviction was also affirmed on appeal (*People v Dixon*, 19 AD3d 132 [2005], *lv denied* 5 NY3d 827 [2005]). Petitioner then commenced this CPLR article 70 proceeding seeking a writ of habeas corpus releasing him from prison. Supreme Court denied petitioner's application without a hearing, and petitioner now appeals.

Habeas corpus relief is not available when the claims being raised were or could have been asserted on direct appeal or in a CPL article 440 motion (*see People ex rel. Johnson v Fischer*, 69 AD3d 1100, 1101 [2010], *lv denied* 14 NY3d 707 [2010]; *People ex rel. Chapman v LaClair*, 64 AD3d 1026, 1026 [2009], *lv denied*

13 NY3d 712 [2009]). Here, the petition, while vague, alleges various procedural violations or irregularities in the prosecutions underlying one or both of petitioner's judgments of conviction. As such, the requested relief is not available and we find no reason to depart from existing orderly procedure (*see People ex rel. Chapman v LaClair*, 64 AD3d at 1026-1027; *People ex rel. Clark v Artus*, 63 AD3d 1455, 1456 [2009]).

Peters, J.P., Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.