■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. TERRY CICIO, Appellant, v DAVID ROCK, as Superintendent of Upstate Correctional Facility, Respondent. [926 NYS2d 685]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered September 30, 2010 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 2003, petitioner was convicted of three counts of robbery in the second degree and was sentenced to consecutive terms of $3^{1}/_{2}$ years in prison, to be followed by three years of postrelease supervision. Thereafter, he made motions pursuant to CPL article 440 to vacate the judgment of conviction and/or set aside the sentence and these motions were denied. He made a third

CPL article 440 motion and, while it was pending, brought this proceeding pursuant to CPLR article 70 for a writ of habeas corpus. Supreme Court denied the petition without a hearing. This appeal ensued.

Petitioner's primary contentions are that he was denied the effective assistance of counsel and the plea agreement was invalid because it included a robbery charge that had been dismissed. Petitioner, however, raised these very claims in his prior CPL article 440 motions. Inasmuch as a habeas corpus proceeding is not the proper vehicle for raising arguments that could have been or were raised on direct appeal or in a postconviction motion (*see People ex rel. Dixon v Rock*, 79 AD3d 1518, 1518 [2010], *lv denied* 16 NY3d 709 [2011]; *People ex rel. Cisson v Artus*, 78 AD3d 1392, 1392-1393 [2010]), this CPLR article 70 proceeding is not the proper context within which to raise them. Petitioner further asserts that he is entitled to habeas corpus relief due to the sentencing court's delay in deciding his third CPL article 440 motion. We find this argument unpersuasive insofar as petitioner could have and did, in fact, raise some of the same claims in his prior CPL article 440 motions and, in any event, he would not be entitled to immediate release if the claims had merit (*see People ex rel. Hall v Brown*, 74 AD3d 1596 [2010], *lv denied* 15 NY3d 710 [2010]; *People ex rel. Hall v Rock*, 71 AD3d 1303, 1304 [2010], *appeal dismissed* 14 NY3d 882 [2010], *lv denied* 15 NY3d 703 [2010]). In view of the foregoing, Supreme Court properly denied the petition.

Mercure, J.P., Spain, Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.