■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo,

J.), rendered October 20, 1988, convicting him of kidnapping in the second degree and attempted rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing the defendant's conviction of kidnapping in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt of attempted rape in the first degree beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620, 621; *People v Bracey,* 41 NY2d 296, 302). The evidence was such that the jury could infer the defendant's intent to rape from his conduct and the surrounding circumstances, and could find that he acted to carry his objective forward within dangerous proximity to the criminal end to be attained *(see, People v Pereau,* 64 NY2d 1055; *People v Bracey, supra,* at 301; *People v Werblow,* 241 NY 55, 61). The defendant's assertion that the facts demonstrated a reasonable possibility that he intended to commit the crimes of assault or robbery rather than rape is without merit *(see, People v Kelly,* 166 AD2d 195; *People v Glover,* 107 AD2d 821, *affd* 66 NY2d 931, *cert denied* 476 US 1161). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt on this charge was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, because the abduction of the complainant was entirely incidental to the attempted rape, the kidnapping conviction should properly have been dismissed as having merged with the underlying substantive offense *(see, People v Cassidy,* 40 NY2d 763, 767; *People v Miles,* 23 NY2d 527, *cert denied* 395 US 948; *People v Gonzalez,* 171 AD2d 127; *People v Scattareggia,* 152 AD2d 679). The complainant was forced into a car at gunpoint and driven only a few blocks before she fought her way out of the car and the defendant sped off. Given these facts, independent criminal responsibility may not fairly be attributed to the defendant for the abduction of the complainant.

The defendant's contention that he was denied the effective assistance of trial counsel is without merit.

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Lawrence and Miller, JJ., concur.

Rosenblatt, J., concurs in the result, with the following memorandum: I agree that the merger doctrine bars the defendant's conviction for kidnapping. In this case, unlike in *People v Gonzalez* (171 AD2d 127), there was no evidence from which the jury could conclude that the kidnapping was a crime separate from that of the attempted rape.