■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHNATHAN JOHNSON, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [893 NYS2d 349]

In 1988, petitioner was convicted of robbery in the first degree and sentenced to a prison term of 7½ to 15 years. That conviction was later affirmed on appeal (*People v Johnson*, 163 AD2d 613 [1990], *lv denied* 76 NY2d 940 [1990], *appeal dismissed* 85 NY2d 939 [1995]). Subsequently, petitioner was convicted of, as relevant here, attempted rape in the first degree and sentenced to a prison term of 7½ to 15 years to be served consecutively to his first prison term. That conviction was also affirmed on appeal (*People v Johnson*, 181 AD2d 914 [1992], *lv denied* 80 NY2d 833 [1992]). Petitioner then commenced this CPLR article 70 proceeding seeking a writ of habeas corpus. Supreme Court denied the application without a hearing and this appeal ensued.

We affirm. Here, petitioner asserts that neither jury would have convicted him if it had access to certain information that was discovered subsequent to his convictions. However, habeas corpus relief is not appropriate where the claims being raised could have been asserted on direct appeal or in a CPL article 440 motion (*see People ex rel. Chapman v LaClair*, 64 AD3d 1026, 1026 [2009]; *People ex rel. Moore v Connolly*, 56 AD3d 847, 847-848 [2008], *lv denied* 12 NY3d 701 [2009]). CPL 440.10 (1) (g) specifically authorizes a motion to vacate a judgment upon the ground of newly discovered evidence (*see People v Tucker*, 40 AD3d 1213, 1214 [2007], *lv denied* 9 NY3d 882 [2007]), and the likelihood that such a motion would have been unsuccessful does not entitle petitioner to habeas corpus relief. Accordingly, we find no reason, under the circumstances presented, to depart from the traditional orderly procedure (*see People ex rel. Chapman v LaClair*, 64 AD3d at 1026-1027).

We have examined petitioner's remaining contentions and have determined them to be without merit.

Mercure, J.P., Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.