■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ORLANDO O. ROMAN, Appellant, v PATRICK GRIFFIN, as Superintendent of Southport Correctional Facility, Respondent. [932 NYS2d 390]—

In 2004, petitioner was convicted of several crimes, including rape in the first degree, and was sentenced as a violent felony offender to an aggregate prison term of 17 years, followed by

five years of postrelease supervision. That conviction was later affirmed on appeal, with postrelease supervision reduced to three years (*People v Roman*, 43 AD3d 1282 [2007], *lv denied* 9 NY3d 1009 [2007]). Subsequently, petitioner pleaded guilty to bribing a witness and was sentenced to a concurrent prison term of 2⅓ to 7 years, which was also affirmed on appeal (*People v Roman*, 43 AD3d 1275 [2007], *lv denied* 9 NY3d 1009 [2007]). Petitioner then commenced this CPLR article 70 proceeding seeking a writ of habeas corpus. Supreme Court dismissed the application without a hearing and petitioner now appeals.

We affirm. Petitioner contends that, based upon evidence newly discovered after his conviction by trial, concerns were raised about the veracity of certain key witnesses that would have precluded a grand jury from indicting him or his having been found guilty after trial. However, where claims could have been asserted on direct appeal or in a CPL article 440 motion, habeas corpus relief is not an appropriate remedy (*see People ex rel. Hall v Bradt*, 85 AD3d 1422, 1422 [2011]; *People ex rel. Jackson v Morgenthau*, 79 AD3d 1540, 1540 [2010], *lv denied* 16 NY3d 711 [2011]). Here, Supreme Court properly dismissed the petition inasmuch as petitioner acknowledges that the alleged newly discovered evidence was the basis for an unsuccessful motion made pursuant to CPL 440.10 (1) (g). As such, we find no reason to depart from traditional orderly procedure (*see People ex rel. Ragland v Bellnier*, 83 AD3d 1351, 1352 [2011], *lv denied* 17 NY3d 706 [2011]; *People ex rel. Rosado v Napoli*, 83 AD3d 1347, 1348 [2011], *lv denied* 17 NY3d 710 [2011]).

Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.