— Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 5, 2012 in Franklin County, which denied petitioner’s application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner asserts that he is presently serving an aggregate prison term of 15 years followed by five years of postrelease supervision upon his conviction of robbery in the second degree, robbery in the third degree and attempted robbery in the third degree. He commenced this CPLR article 70 proceeding seeking a writ of habeas corpus claiming that the indictment was defective and County Court lacked subject matter jurisdiction. Supreme Court denied petitioner’s application without a hearing, and petitioner now appeals.
“Habeas corpus is not the appropriate remedy for raising claims that could have been raised on direct appeal or in the context of a CPL article 440 motion, even if they are jurisdictional in nature” (People ex rel. Chapman v LaClair, 64 AD3d 1026, 1026 [2009], lv denied 13 NY3d 712 [2009] [citations omitted]; see People ex rel. Backman v Walsh, 101 AD3d 1316, 1316 [2012], lv denied 20 NY3d 863 [2013]). We agree with Supreme Court that the arguments raised by petitioner could be raised on his direct appeal, which is apparently currently pending the Second Department, and the record discloses no extraordinary circumstances that would warrant a departure from traditional orderly procedure, we affirm (see People ex rel. Back-man v Walsh, 101 AD3d at 1316; People ex rel. Landy v Rock, 61 *1063 AD3d 1198, 1198 [2009], lv denied 13 NY3d 702 [2009]; People ex rel. Zorro v McKinney, 48 AD3d 844, 845 [2008], lv denied 10 NY3d 709 [2008]).
Rose, J.R, Spain, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.