Peters, P.J., Egan Jr., Lynch, Devine and Aarons, JJ., concur. Adjudged that the petition is dismissed, as moot, without costs.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CEDRIC GOLSTON, Appellant, v MICHAEL KIRKPATRICK, as Superintendent of Clinton Correctional Facility, Respondent. [59 NYS3d 912]—

Appeal from a judgment of the Supreme Court (Cortese, J.), entered January 8, 2016 in Clinton County, which, in a proceeding pursuant to CPLR article 70, granted respondent's motion to dismiss the petition.

Petitioner, who is serving a 25-year prison term pursuant to his 2002 convictions in connection with the robbery of a credit union (*People v Golston*, 13 AD3d 887 [2004], *lv denied* 5 NY3d 789 [2005]), commenced this CPLR article 70 proceeding seeking a writ of habeas corpus contending that County Court lacked subject matter jurisdiction over the matter once the trial court judge recused himself, pursuant to Judiciary Law § 14, because of his financial interest in the credit union. Respondent moved to dismiss the petition on the ground that the issue could have been and was raised on direct appeal. Supreme Court granted the motion and this appeal ensued.

We affirm. "Habeas corpus relief is not an appropriate remedy for asserting claims that were or could have been raised on direct appeal or in a CPL article 440 motion, even if they are

jurisdictional in nature" (*People ex rel. Fulton v LaValley*, 100 AD3d 1202, 1203 [2012] [internal quotation marks and citations omitted]; *see People ex rel. Miller v Rock*, 109 AD3d 1062, 1062 [2013]). We agree with Supreme Court that habeas corpus relief is unavailable since petitioner previously challenged his conviction on jurisdictional grounds, albeit unsuccessfully, in both his direct appeal (*People v Golston*, 13 AD3d at 888-889) and in a prior habeas corpus application (*People ex rel. Golston v Artus*, 47 AD3d 1101 [2008]).

McCarthy, J.P., Lynch, Rose, Devine and Mulvey, JJ., concur. Ordered that the judgment is affirmed, without costs.