Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 22, 2017 in Clinton County, which denied petitioner’s application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
 

 Petitioner is currently serving an aggregate prison term of 25 to 75 years following his 1999 conviction of multiple counts of sodomy in the first degree, sodomy in the second degree and sexual abuse in the second degree. He commenced this CPLR article 70 proceeding seeking a writ of habeas corpus claiming that, among other things, the indictment was defective and Supreme Court lacked jurisdiction. Supreme Court denied petitioner’s application without a hearing, and petitioner now appeals.
 

 “Habeas corpus is not the appropriate remedy for raising claims that could have been raised on direct appeal or in the context of a CPL article 440 motion, even if they are jurisdictional in nature” (People ex rel. Miller v Rock, 109 AD3d 1062, 1062 [2013] [internal quotation marks and citations omitted]; see People ex rel. Fauntleroy v Rock, 113 AD3d 982, 983 [2014], lv denied 22 NY3d 865 [2014]; People ex rel. Williams v Cunningham, 106 AD3d 1303, 1304 [2013]). We agree with Supreme Court that petitioner’s contentions could have been raised on his direct appeal. As we perceive no basis to depart from traditional orderly procedure, we conclude that Supreme Court properly denied his application (see People ex rel. Fauntleroy v Rock, 113 AD3d at 983; People ex rel. Cato v Tedford, 108 AD3d 988, 989 [2013], lv denied 22 NY3d 855 [2013]; People ex rel. Williams v Cunningham, 106 AD3d at 1304).
 

 McCarthy, J.R, Garry, Rose, Aarons and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed, without costs.