People ex rel. Thompson v Keyser (2019 NY Slip Op 05249)





People v Keyser


2019 NY Slip Op 05249


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

527675

[*1]THE PEOPLE OF THE STATE OF NEW YORK ex rel. DERRICK THOMPSON, Appellant,
v
WILLIAM KEYSER, as Superintendent of Sullivan Correctional Facility, Respondent.

Calendar Date: May 24, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Pritzker, JJ.


Derrick Thompson, Napanoch, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Schick, J.), entered September 28, 2018 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner, who currently is serving a lengthy period of incarceration upon his conviction of burglary in the second degree and grand larceny in the third degree (People v Thompson, 99 AD3d 819 [2012], lv denied 20 NY3d 989 [2012]), commenced this CPLR article 70 proceeding seeking a writ of habeas corpus contending that his confinement was illegal because the underlying indictment was not signed by the grand jury foreperson. Supreme Court denied the application. Petitioner appeals.
Even assuming, without deciding, that the apparent absence of the grand jury foreperson's signature upon the underlying indictment might be found to constitute a jurisdictional defect under the particular facts of this case (compare People v Quintana, 159 AD3d 1122, 1123 [2018], lv denied 31 NY3d 1086 [2018]; People v Pigford, 148 AD3d 1299, 1302 [2017], lv denied 29 NY3d 1085 [2017]; People v Burch, 97 AD3d 987, 988 [2012], lv denied 19 NY3d 1101 [2012]), it is well settled that "[h]abeas corpus is not the appropriate remedy for raising claims that could have been raised on direct appeal or in the context of a CPL article 440 motion, even if they are jurisdictional in nature" (People ex rel. Nailor v Kirkpatrick, 156 AD3d 1100, 1100 [2017] [internal quotation marks and citations omitted]; see People ex rel. Golston v Kirkpatrick, 153 AD3d 1498, 1498-1499 [2017], appeal dismissed 30 NY3d 1031 [2017], lv denied 31 NY3d 903 [2018]; People ex rel. Fulton v LaValley, 100 AD3d 1202, 1203 [2012]). As we discern no basis upon which to depart from traditional orderly procedure (see People ex rel. Nailor v Kirkpatrick, 156 AD3d at 1100; People ex rel. Richards v Yelich, 87 AD3d 764, 765 [2011], appeal dismissed and lv denied 17 NY3d 922 [2011]; People ex rel. Cisson v Artus, 78 AD3d 1392, 1393 [2010]), Supreme Court properly denied petitioner's [*2]application.
Garry, P.J., Lynch, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.