People ex rel. West v Coveny (2020 NY Slip Op 01884)





People ex rel. West v Coveny


2020 NY Slip Op 01884


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

529562

[*1]The People of the State of New York ex rel. Kenneth West, Appellant,
v
Raymond Coveny, as Superintendent of Elmira Correctional Facility, Respondent.

Calendar Date: February 7, 2020

Before: Garry, P.J., Lynch, Devine, Aarons and Colangelo, JJ.


Kenneth West, Elmira, appellant pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Rich Jr., J.), entered June 28, 2019 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner was convicted of three counts of murder in the second degree and was sentenced to concurrent prison terms of 25 years to life. Upon direct appeal, petitioner's conviction was affirmed by the Second Department (People v West, 86 AD3d 583 [2011], lv denied 17 NY3d 956 [2011]), and his subsequent request for federal habeas corpus relief was denied (West v Sheahan, 2016 WL 67789, *3, 2016 US Dist LEXIS 513, *8 [SD NY, Jan. 4, 2016, No. 12-CV-08270 (NSR)(LMS)]). Petitioner thereafter commenced this CPLR article 70 proceeding seeking a writ of habeas corpus alleging, among other things, that the underlying indictment was jurisdictionally defective. Supreme Court denied the petition without a hearing, and this appeal ensued.
We affirm. "Habeas corpus is not the appropriate remedy for raising claims that could have been raised on direct appeal or in the context of a CPL article 440 motion, even if they are jurisdictional in nature" (People ex rel. Moise v Coveny, 175 AD3d 1693, 1693-1694 [2019] [internal quotation marks and citations omitted]; accord People ex rel. McCray v Favro, 178 AD3d 1241, 1242 [2019]; People ex rel. Hill v Miller, 175 AD3d 790, 790 [2019], lv denied 34 NY3d 907 [2019]). We agree with Supreme Court that petitioner's challenge to the indictment could have been raised upon his direct appeal from the judgment of conviction (see People ex rel. Thompson v Keyser, 173 AD3d 1586, 1586 [2019], lv denied 34 NY3d 904 [2019]; People ex rel. Williams v Cunningham, 106 AD3d 1303, 1304 [2013]; People ex rel. Hemphill v Rock, 95 AD3d 1579, 1579 [2012]; People ex rel. Chapman v LaClair, 64 AD3d 1026, 1026 [2009], lv denied 13 NY3d 712 [2009]). As we discern no basis upon which to depart from traditional orderly procedure, Supreme Court properly denied petitioner's request for habeas corpus relief (see People ex rel. Moise v Coveny, 175 AD3d at 1694; People ex rel. Hill v Miller, 175 AD3d at 790; People ex rel. Nailor v Kirkpatrick, 156 AD3d 1100, 1100 [2017]).
Garry, P.J., Lynch, Devine, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.