People ex rel. Dixon v Superintendent of E. Corr. Facility (2020 NY Slip Op 01866)





People ex rel. Dixon v Superintendent of E. Corr. Facility


2020 NY Slip Op 01866


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

527993

[*1]The People of the State of New York ex rel. John Dixon, Appellant,
v
Superintendent of Eastern Correctional Facility, Respondent.

Calendar Date: February 7, 2020

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


John Dixon, Napanoch, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Mott, J.), entered September 25, 2018 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner is currently serving a prison sentence of 20 years following his 2012 conviction of, among other things, rape in the first degree. That conviction was affirmed upon appeal (People v Dixon, 138 AD3d 1016 [2016], lv denied 27 NY3d 1131 [2016], cert denied ___ US ___, 137 S Ct 1437 [2017]). Petitioner commenced this CPLR article 70 proceeding seeking a writ of habeas corpus alleging that the trial court lacked jurisdiction because, among other things, there were infirmities in the grand jury proceeding, the prosecutor, among others, engaged in misconduct, trial and appellate counsel were ineffective and the evidence did not support the conviction. Supreme Court dismissed the petition without a hearing, and this appeal ensued.
We affirm. "Habeas corpus is not the appropriate remedy for raising claims that could have been raised on direct appeal or in the context of a CPL article 440 motion, even if they are jurisdictional in nature" (People ex rel. Moise v Coveny, 175 AD3d 1693, 1693-1694 [2019] [internal quotation marks and citations omitted]; accord People ex rel. Hill v Miller, 175 AD3d 790, 790 [2019], lv denied 34 NY3d 907 [2019]). With the exception of petitioner's assertion that he received ineffective appellate counsel, his contentions could have been raised — and in some instances were raised — on his direct appeal or in a motion pursuant to CPL article 440 (see People ex rel. Moise v Coveny, 175 AD3d at 1694; People ex rel. McCray v LaClair, 161 AD3d 1490, 1491 [2018], lv dismissed and denied 32 NY3d 1143 [2019]). To the extent that petitioner alleges ineffective assistance of appellate counsel, such claim should be pursued in an application for a writ of error coram nobis (see People ex rel. Jones v Collado, 178 AD3d 1265, 1266 [2019]; People ex rel. DeFreitas v Callado, 172 AD3d 1811, 1812 [2019], lv denied ___ NY3d ___ [Feb. 13, 2020]) — an avenue he has previously pursued unsuccessfully (People v Dixon, 158 AD3d 639 [2018], lv denied 31 NY3d 1080 [2018]). Notwithstanding petitioner's assertion to the contrary, we find no extraordinary circumstances warranting a departure from traditional orderly procedure (see People ex rel. Nailor v Kirkpatrick, 156 AD3d 1100, 1100 [2017]). As such, we find that Supreme Court properly dismissed petitioner's application (see People ex rel. Chaney v Dagostino, 140 AD3d 1481, 1481 [2016]). Petitioner's remaining contentions are without merit.
Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.