People ex rel. Smythe v Miller (2020 NY Slip Op 02349)





People ex rel. Smythe v Miller


2020 NY Slip Op 02349


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

530089

[*1]The People of the State of New York ex rel. Francis Smythe, Appellant,
v
Christopher Miller, as Superintendent of Great Meadow Correctional Facility, Respondent.

Calendar Date: March 20, 2020

Before: Garry, P.J., Lynch, Clark, Mulvey and Devine, JJ.


Francis Smythe, Comstock, appellant pro se.
Letitia James, Attorney General, Albany (Patrick A. Woods of counsel), for respondent.



Appeal from an order of the Supreme Court (McKeighan, J.), entered August 16, 2019 in Washington County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
In 1990, petitioner was convicted of murder in the second degree, among other crimes, and is serving a lengthy prison term (People v Smythe, 210 AD2d 887 [1994], lv denied 85 NY2d 943 [1995]). Following the Fourth Department's denial of petitioner's application for a writ of error coram nobis (People v Smythe, 166 AD3d 1543 [2018], lv denied 32 NY3d 1178 [2019]), petitioner commenced this CPLR article 70 proceeding seeking a writ of habeas corpus, contending that the indictment underlying his murder conviction was jurisdictionally defective because it was not signed by the grand jury foreperson and was not stamped "true bill." Supreme Court dismissed petitioner's application without a hearing, prompting this appeal.
Even assuming, without deciding, that petitioner's challenges to the indictment rise to the level of jurisdictional defects, the case law makes clear that "habeas corpus is not the appropriate remedy for raising claims that could have been raised on direct appeal or in the context of a CPL article 440 motion, even if they are jurisdictional in nature" (People ex rel. Thompson v Keyser, 173 AD3d 1586, 1586 [2019] [internal quotation marks, brackets and citations omitted], lv denied 34 NY3d 904 [2019]; accord People ex rel. Moise v Coveny, 175 AD3d 1693, 1693-1694 [2019], lv denied ___ NY3d ___ [Mar. 24, 2020]; People ex rel. Hill v Miller, 175 AD3d 790, 790 [2019], lv denied 34 NY3d 907 [2019]). We agree with Supreme Court that petitioner could have raised these arguments upon his direct appeal or via a CPL article 440 motion and, further, discern no reason to depart from traditional orderly procedures. Accordingly, Supreme Court properly denied petitioner's application without a hearing (see People ex rel. Nailor v Kirkpatrick, 156 AD3d 1100, 1100 [2017]; People ex rel. Alvarez v West, 22 AD3d 996, 996 [2005], lv denied 6 NY3d 704 [2006]).
Garry, P.J., Lynch, Clark, Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.