People ex rel. Lasher v Tynon (2020 NY Slip Op 06999)





People ex rel. Lasher v Tynon


2020 NY Slip Op 06999


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

529887

[*1]The People of the State of New York ex rel. Stacy Lasher, Appellant,
v
Theresa Tynon, as Superintendent of Washington Correctional Facility, Respondent.

Calendar Date: November 13, 2020

Before: Garry, P.J., Lynch, Devine, Aarons and Reynolds Fitzgerald, J.J.


Stacy Lasher, Comstock, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Appeal from an order of the Supreme Court (McKeighan, J.), entered August 12, 2019 in Washington County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
In 2017, defendant was convicted upon his guilty plea of burglary in the second degree and is serving a prison sentence of eight years to be followed by five years of postrelease supervision, and the conviction was upheld on direct appeal (People v Lasher, 166 AD3d 1242 [2018], lv denied 32 NY3d 1174 [2019]). Petitioner commenced this CPLR article 70 proceeding seeking a writ of habeas corpus, contending that his detention is illegal based upon prosecutorial misconduct that led to the denial of a preliminary hearing prior to being indicted. Supreme Court dismissed petitioner's application without a hearing, prompting this appeal.
We affirm. "Habeas corpus is not the appropriate remedy for raising claims that could have been raised on direct appeal or in the context of a CPL article 440 motion" (People ex rel. Dixon v Superintendent of E. Corr. Facility, 181 AD3d 1107, 1107 [2020] [internal quotation marks and citations omitted]; see People ex rel. West v Coveny, 181 AD3d 1141, 1141 [2020]). We agree with Supreme Court that petitioner's contention regarding prosecutorial misconduct that led to the denial of a preliminary hearing could have been raised on direct appeal or in a motion pursuant to CPL article 440 (see People ex rel. Dixon v Superintendent of E. Corr. Facility, 181 AD3d at 1108; People ex rel. Moise v Coveny, 175 AD3d 1693, 1693-1694 [2019], lv denied 34 NY3d 912 [2020]; People ex rel. McCray v LaClair, 161 AD3d 1490, 1491 [2019], lv dismissed and denied 32 NY3d 1143 [2019]). In fact, the issue of the denial of a preliminary hearing was raised unsuccessfully on direct appeal under a different rubric, as an ineffective assistance of counsel claim (People v Lasher, 166 AD3d at 1242).[FN1] We have considered petitioner's remaining assertions and discern no extraordinary circumstances warranting a departure from the traditional orderly procedure. Accordingly, we find that Supreme Court properly dismissed petitioner's application (see People ex rel. West v Coveny, 181 AD3d at 1142).
Garry, P.J., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: According to the petition, petitioner filed a motion pursuant to CPL 440.10 in Schenectady County, which was denied in March 2019; the decision and motion papers are not in the record on appeal. The Attorney General represents that the same issue raised herein was also raised in that proceeding (see CPLR 7001 [6]).