People ex rel. Johnson v Uhler (2021 NY Slip Op 00603)





People ex rel. Johnson v Uhler


2021 NY Slip Op 00603


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

530488

[*1]The People of the State of New York ex rel. Johnathan Johnson, Appellant,
v
Donald Uhler, as Superintendent of Upstate Correctional Facility, Respondent.

Calendar Date: January 5, 2021

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Johnathan Johnson, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (Main Jr., J.), entered November 8, 2019 in Franklin County, which, in a proceeding pursuant to CPLR article 70, granted respondent's motion to dismiss the application for a writ of habeas corpus.
In 1988, petitioner was convicted of robbery in the first degree following a jury trial in Supreme Court (Calabretta, J.) in Queens County (People v Johnson, 163 AD2d 613 [1990], lv denied 76 NY2d 940 [1990]). On appeal, the Second Department upheld the conviction, finding that the People had been properly permitted to amend the first degree robbery count in the indictment [FN1] pursuant to CPL 200.70 (id. at 613). Petitioner was subsequently convicted of other crimes stemming from other indictments and, as a result of his convictions, is serving a lengthy prison sentence (People v Johnson, 181 AD2d 914 [1992], lv denied 80 NY2d 833 [1992]; People v Johnson, 176 AD2d 756 [1991]). Petitioner thereafter unsuccessfully challenged his detention on the ground, among others, that the robbery indictment had been improperly amended, in successive federal (see Johnson v Warden, Great Meadows Correctional Facility, 1992 WL 398306, *1, 1992 US Dist LEXIS 19859, *1-2 [ED NY, Dec. 21, 1992, No. CV-92-3088]) and state court habeas corpus proceedings (People ex rel. Johnson v Fischer, 69 AD3d 1100, 1101 [2010], lv denied 14 NY3d 707 [2010]; People ex rel. Johnson v Burge, 47 AD3d 1168, 1169 [2008], lv denied 10 NY3d 711 [2008]; People ex rel. Johnson v Stinson, 233 AD2d 634 [1996], lv denied 89 NY2d 807, lv dismissed 89 NY2d 1030 [1997]).
Petitioner then commenced this CPLR article 70 proceeding on February 6, 2019 by filing an ex parte application for a writ of habeas corpus accompanied by a memorandum of law, claiming that the robbery indictment had been improperly amended and, thus, Supreme Court lacked jurisdiction to try him in 1988. Petitioner also sought permission to proceed as a poor person under CPLR 1101 (a). Supreme Court (Main Jr., J.) denied petitioner's application for poor person relief in a written decision, based on its finding that the application lacked merit as he had previously raised the same challenges in the prior state and federal habeas corpus proceedings (see CPLR 1101 [f]). The court declined to dismiss the proceeding given that respondent had not filed a return (see CPLR 7008) or a pre-answer motion to dismiss. In response, respondent moved to dismiss for failure to effectuate timely service upon it (see CPLR 306-b) and petitioner cross-moved for various relief. Supreme Court then issued an order granting respondent's motion to dismiss the application for a writ of habeas corpus based upon petitioner's failure to effectuate service on respondent, and denied petitioner's cross motion. In its decision, the court adhered to its prior decision — made in the context of denying petitioner's poor person application — that the application lacked merit based upon the fact that petitioner had raised [*2]the same claims in prior habeas corpus proceedings. Petitioner appeals.
We affirm. Initially, petitioner submitted the application for a writ of habeas corpus "without notice," as is authorized, and Supreme Court never signed or "issue[d]" it (CPLR 7002 [a]; see CPLR 7007). Nor did the court "order . . . respondent to show cause why [petitioner] should not be released" (CPLR 7003 [a]). As respondent concedes, petitioner's obligation to serve respondent was not triggered (see CPLR 7005) and, therefore, the court should not have premised its dismissal of the proceeding on lack of service on respondent. Nonetheless, the application was correctly dismissed.
Under settled law, "[h]abeas corpus relief is unavailable where, as here, petitioner's claims were or could have been raised on direct appeal or in a CPL article 440 motion, even if they are jurisdictional in nature" (People ex rel. Wright v Coveny, 181 AD3d 1141, 1141 [2020] [internal quotation marks and citations omitted]; see People ex rel. Smythe v Miller, 182 AD3d 894, 894 [2020], lv dismissed and denied 35 NY3d 1056 [2020]). As Supreme Court recognized in both of its decisions, the claims that petitioner asserts regarding the robbery indictment were raised or could have been raised in his direct appeal and in his previous state and federal habeas corpus proceedings. Consequently, habeas corpus relief is not appropriate.
Contrary to petitioner's claim, the grand jury minutes did not constitute newly discovered evidence justifying this successive application (see CPLR 7002 [c] [6]). Moreover, as we noted in petitioner's prior appeal of the denial of an earlier application for habeas corpus (People ex rel. Johnson v Fischer, 69 AD3d at 1100), such evidence could have been addressed in a motion to vacate (see CPL 440.10 [1] [g]; People ex rel. Lasher v Tynon, 188 AD3d 1516, 1516 [2020]; People ex rel. Roman v Griffin, 89 AD3d 1247, 1248 [2011]). With regard to petitioner's argument that Supreme Court should have granted his application for poor person status, such relief is discretionary and requires that the application set forth, among other things, "sufficient facts so that the merit of the contentions can be ascertained" (CPLR 1101 [a]). Given petitioner's successive applications and the patent lack of merit to this application, we perceive no abuse of discretion in Supreme Court's denial of petitioner's poor person application (see CPLR 1101 [a], [f]; Matter of Roesch v State of New York, 187 AD3d 1651, 1652 [2020]; Sledge v Hesson, 291 AD2d 679, 679-680 [2002]). Finally, given that no basis exists upon which to depart from traditional orderly procedure, dismissal of petitioner's request for habeas corpus relief was correct (see People ex rel. West v Coveny, 181 AD3d 1141, 1142 [2020]; People ex rel. McCray v Favro, 178 AD3d 1241, 1242 [2019]; People ex rel. Moise v Coveny, 175 AD3d 1693, 1694 [2019], lv denied 34 NY3d 912 [2020]).
Garry, P.J., Clark, Pritzker and Colangelo[*3], JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Prior to trial, the People were permitted to amend the indictment, by deleting the phrase "armed with a deadly weapon to wit: hand gun or revolver," and substituting the language "displayed what appeared to be a pistol or a revolver" (People v Johnson, 163 AD2d at 613).