People ex rel. Brown v Tedford (2021 NY Slip Op 04410)





People ex rel. Brown v Tedford


2021 NY Slip Op 04410


Decided on July 15, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 15, 2021

532432
[*1]The People of the State of New York ex rel. Edward Brown, Appellant,
v
Jeffrey Tedford, as Superintendent of Adirondack Correctional Facility, Respondent.

Calendar Date:June 17, 2021

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Edward Brown, Ray Brook, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Meyer, J.), entered October 23, 2020 in Essex County, which, in a proceeding pursuant to CPLR article 70, granted respondent's motion to dismiss the petition.
Petitioner is an inmate in the custody of the Department of Corrections and Community Supervision serving a sentence of 22 years to life stemming from his 2003 convictions of burglary in the first degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the fifth degree and resisting arrest, which judgment was affirmed upon appeal (People v Brown, 16 AD3d 430 [2005], lv denied 4 NY3d 852 [2005]). In 2020, petitioner filed an application for a writ of habeas corpus, asserting that his detention is illegal because the criminal convictions were based upon an allegedly invalid waiver of his immunity before the grand jury. Supreme Court granted respondent's subsequent motion to dismiss the petition.
We affirm. "Habeas corpus relief is unavailable where, as here, petitioner's claims were or could have been raised on direct appeal or in a CPL article 440 motion, even if they are jurisdictional in nature" (People ex rel. Johnson v Uhler, 191 AD3d 1065, 1066 [2021] [internal quotation marks, brackets and citations omitted], lv denied 37 NY3d 902 [2021]; see People ex rel. Lasher v Tynon, 188 AD3d 1516, 1516 [2020], lv denied 36 NY3d 908 [2021]; People ex rel. Smythe v Miller, 182 AD3d 894, 894 [2020], appeal dismissed, lv denied 35 NY3d 1056 [2020]). Defendant admitted raising the same challenge regarding the validity of the waiver of his rights before the grand jury on direct appeal, in a CPL 440.10 motion and prior state and federal habeas corpus proceedings. As the record does not disclose "any extraordinary circumstances warranting a departure from traditional orderly procedure" (People ex rel. Wright v Coveny, 188 AD3d 1345, 1346 [2020] [internal quotation marks and citation omitted]; see People ex rel. Dixon v Superintendent of E. Corr. Facility, 181 AD3d 1107, 1108 [2020]), we find no basis to disturb the dismissal of petitioner's request for habeas corpus relief (see People ex rel. Johnson v Uhler, 191 AD3d at 1067; People ex rel. Golston v Kirkpatrick, 153 AD3d 1498, 1498-1499 [2017], appeal dismissed 30 NY3d 1031 [2017], lv denied 31 NY3d 903 [2018]). Petitioner's remaining contentions are without merit.
Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.