People ex rel. Kelsey v Lewin (2022 NY Slip Op 01497)





People ex rel. Kelsey v Lewin


2022 NY Slip Op 01497


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

533407
[*1]The People of the State of New York ex rel. Michael N. Kelsey, Appellant,
v
Donna Lewin, as Superintendent of Hudson Correctional Facility, Respondent.

Calendar Date:February 4, 2022

Before:Garry, P.J., Aarons, Pritzker, Ceresia and McShan, JJ.

Michael N. Kelsey, Hudson, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Koweek, J.), entered April 5, 2021 in Columbia County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner is currently in prison based on his 2016 convictions of sexual abuse in the first degree, attempted sexual abuse in the first degree, forcible touching and two counts of endangering the welfare of a child. Petitioner's judgment of conviction was affirmed on direct appeal (People v Kelsey, 174 AD3d 962 [2019], lv denied 34 NY3d 982 [2019], cert denied ___ US ___, 41 S Ct 2607 [2021]) and his subsequent postconviction motions, including a writ of error coram nobis and CPL 440.10 motion, were denied (People v Kelsey, 2020 NY Slip Op 61403[U]). Petitioner thereafter commenced this CPLR article 70 proceeding seeking a writ of habeas corpus, alleging that the statutes under which he was convicted are unconstitutionally vague, that the indictment and conviction for attempted sexual abuse upon a physically helpless person is a legal impossibility and that there was legally insufficient evidence of forcible compulsion to sustain the conviction of forcible touching. Supreme Court dismissed the petition, and petitioner appeals.
As correctly noted by Supreme Court, "habeas corpus relief is unavailable where, as here, petitioner's claims were or could have been raised on direct appeal or in a CPL article 440 motion, even if they are jurisdictional in nature" (People ex rel. Johnson v Uhler, 191 AD3d 1065, 1066 [2021] [internal quotation marks, brackets and citations omitted], lv denied 37 NY3d 902 [2021]). "[T]he writ [of habeas corpus] may not be utilized as a substitute for appeal or to again review errors already passed on in an earlier appeal" (People ex rel. Keitt v McMann, 18 NY2d 257, 262 [1966]). As we discern no "reason of practicality or necessity" here that warrants a departure from traditional orderly procedure, we find that Supreme Court properly dismissed petitioner's request for habeas corpus relief (id.; see People ex rel. Johnson v Uhler, 191 AD3d at 1067; People ex rel. Smythe v Miller, 182 AD3d 894, 894 [2020], appeal dismissed and lv denied 35 NY3d 1056 [2020]). We have reviewed petitioner's remaining contentions and find them to be unpersuasive.
Garry, P.J., Aarons, Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.