People ex rel. Wingate v State of N.Y. Dept. of Corr. & Community Servs. at Southport Corr. Facility Med. (2022 NY Slip Op 05248)

People ex rel. Wingate v State of N.Y. Dept. of Corr. & Community Servs. at Southport Corr. Facility Med.

2022 NY Slip Op 05248

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

533988
[*1]The People of the State of New York ex rel. Blake Wingate, Appellant,
v
State of New York Department of Corrections and Community Services at Southport Correctional Facility Medical, Respondent.

Calendar Date:September 2, 2022

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Ceresia, JJ.

Blake Wingate, Romulus, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Appeal from an amended order of the Supreme Court (Richard W. Rich Jr., J.), entered July 26, 2021 in Chemung County, which, among other things, denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner is serving a prison term of 14 years upon his 2015 conviction of robbery in the second degree and assault in the second degree (People v Wingate, 184 AD3d 738 [2d Dept 2020], lv denied 35 NY3d 1071 [2020]). In October 2020, petitioner moved by order to show cause seeking, among other things, immediate release from prison via either a writ of habeas corpus pursuant to CPLR article 70 or a CPLR article 78 proceeding in the nature of mandamus to compel. The requested relief stemmed from legal errors that allegedly occurred in the context of his underlying conviction, as well as asserted deficiencies in the medical care provided and the conditions of his confinement at Southport Correctional Facility, where petitioner then was incarcerated. Respondent opposed the requested relief, arguing that neither a writ of habeas corpus nor mandamus to compel lies to address petitioner's claims, and noted that petitioner had been transferred to Five Points Correctional Facility, where he was receiving medical care for various conditions. Following service of petitioner's reply, Supreme Court denied the requested relief. Additional motion practice ensued, and, by amended order entered July 26, 2021, Supreme Court corrected a portion of its original decision and directed that the balance thereof remain in full force and effect. This appeal ensued.
We affirm. "Habeas corpus relief is unavailable where, as here, petitioner's claims were or could have been raised on direct appeal or in a CPL article 440 motion, even if they are jurisdictional in nature" (People ex rel. Brown v Tedford, 196 AD3d 965, 966 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], lv denied 37 NY3d 918 [2022]; accord People ex rel. Kelsey v Lewin, 203 AD3d 1366, 1367 [3d Dept 2022], appeal dismissed 38 NY3d 1054 [2022]). Petitioner's challenge to the accusatory instrument underlying his criminal conviction could have been raised upon his direct appeal, and the requested writ "may not be utilized as a substitute for appeal or to again review the errors already passed on in an earlier appeal" (People ex rel. Kelsey v Lewin, 203 AD3d at 1367 [internal quotation marks and citation omitted]). As our review of the record does not reveal "any extraordinary circumstances warranting a departure from traditional orderly procedure," Supreme Court properly denied petitioner's request for habeas corpus relief in this regard (People ex rel. Brown v Tedford, 196 AD3d at 966 [internal quotation marks and citations omitted]).
To the extent that petitioner's brief may be read as pursuing his medical treatment/environmental complaints relative to Southport Correctional Facility and, further, that such complaints [*2]survived his subsequent transfer to another facility, we agree with Supreme Court that petitioner failed to demonstrate his entitlement to immediate release — either via a writ of habeas corpus or mandamus to compel. Neither of these extraordinary remedies is available where other avenues of redress may be pursued (see People ex rel. Tumminia v Griffin, 118 AD3d 1174, 1176 [3d Dept 2014], lv denied 24 NY3d 907 [2014]; Matter of Schamel v Board of Educ. of Waverly Cent. School Dist., 61 AD2d 1115, 1116 [3d Dept 1978], lv denied 44 NY2d 649 [1978]). As Supreme Court aptly observed, the record is devoid of proof that petitioner utilized — much less exhausted — available grievance procedures to address the claimed deficiencies (see generally Correction Law § 139; 7 NYCRR part 701). Petitioner's attempt to circumvent the exhaustion requirement by casting his claim as a constitutional challenge and asserting that resort to administrative relief would be futile is unpersuasive (see Matter of Hakeem v Wong, 223 AD2d 765, 765-766 [3d Dept 1996], lv denied 88 NY2d 802 [1996]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Lynch, Aarons and Ceresia, JJ., concur.
ORDERED that the amended order is affirmed, without costs.