People ex rel. Hook v Tedford (2023 NY Slip Op 00710)

People ex rel. Hook v Tedford

2023 NY Slip Op 00710

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

535065 
[*1]The People of the State of New York ex rel. Robert Hook, Appellant,
v
Jeffrey Tedford, as Superintendent of Adirondack Correctional Facility, Respondent.

Calendar Date:January 6, 2023

Before:Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.

Robert Hook, Raybrook, appellant pro se.
Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Richard B. Meyer, J.), entered February 22, 2022 in Essex County, which, in a proceeding pursuant to CPLR article 70, granted respondent's motion to dismiss the petition.
Petitioner is serving a prison term of 20 years upon his 2009 conviction, following a jury trial, of aggravated sexual abuse in the first degree, attempted rape in the first degree, sexual abuse in the first degree, unlawful imprisonment in the first degree and criminal possession of a weapon in the fourth degree, which conviction was affirmed on appeal (People v Hook, 80 AD3d 881 [3d Dept 2011], lv denied 17 NY3d 806 [2011]). In 2012, petitioner unsuccessfully sought habeas corpus relief in federal court (see Hook v Capra, 2014 WL 3895233, *1, 2014 US Dist LEXIS 109383, *28 [ND NY, Aug. 8, 2014, No. 9:12-CV-00288-JKS]). Petitioner thereafter commenced this CPLR article 70 proceeding seeking a writ of habeas corpus alleging that the indictment was defective because it was based upon fabricated testimony and, therefore, the trial court lacked subject matter jurisdiction. Supreme Court granted respondent's subsequent motion to dismiss the petition. Petitioner appeals.
We affirm. "Habeas corpus relief is not an appropriate remedy for asserting claims that were or could have been raised on direct appeal or in a CPL article 440 motion, even if they are jurisdictional in nature" (People ex rel. Golston v Kirkpatrick, 153 AD3d 1498, 1498-1499 [3d Dept 2017] [internal quotation marks and citations omitted], appeal dismissed 30 NY3d 1031 [2017], lv denied 31 NY3d 903 [2018]; see People ex rel. Brown v Tedford, 196 AD3d 965, 966 [3d Dept 2021], lv denied 37 NY3d 918 [2022]). Petitioner's jurisdictional challenge to the indictment could have been raised on direct appeal or in a CPL article 440 motion. As the circumstances here do not reflect any basis to depart from traditional orderly procedure, we discern no basis to disturb Supreme Court's dismissal of petitioner's request for habeas corpus relief (see People ex rel. Kelsey v Lewin, 203 AD3d 1366, 1367 [3d Dept 2022], appeal dismissed 38 NY3d 1054 [2022]; People v Moise, 175 AD3d 1693, 1694 [3d Dept 2019], lv denied 34 NY3d 912 [2020]).
Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.