People ex rel. Nailor v Rockwood (2023 NY Slip Op 02047)

People ex rel. Nailor v Rockwood

2023 NY Slip Op 02047

Decided on April 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 20, 2023

536069
[*1]The People of the State of New York ex rel. Scott Nailor, Appellant,
v
Mark W. Rockwood, as Superintendent of Gouverneur Correctional Facility, Respondent.

Calendar Date:March 24, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Scott Nailor, Gouverneur, appellant pro se.

Appeal from a judgment of the Supreme Court (Mary M. Farley, J.), entered August 23, 2022 in St. Lawrence County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner is currently serving an aggregate prison term of 25 to 75 years following his 1999 conviction of multiple counts of sodomy in the first degree, sodomy in the second degree and sexual abuse in the second degree (People v Nailor, 268 AD2d 695, 696 [3d Dept 2000]). In August 2022, petitioner commenced this habeas corpus proceeding alleging that his continued incarceration is illegal because the indictment under which he was convicted is jurisdictionally defective. Supreme Court declined to issue the writ or an order to show cause, and denied the petition without a hearing. This appeal ensued.
We affirm. "Habeas corpus relief is not an appropriate remedy for asserting claims that were or could have been raised on direct appeal or in a CPL article 440 motion, even if they are jurisdictional in nature" (People ex rel. Golston v Kirkpatrick, 153 AD3d 1498, 1498-1499 [3d Dept 2017] [internal quotation marks and citations omitted], appeal dismissed 30 NY3d 1031 [2017], lv denied 31 NY3d 903 [2018]; see People ex rel. Brown v Tedford, 196 AD3d 965, 966 [3d Dept 2021], lv denied 37 NY3d 918 [2022]). Petitioner's jurisdictional challenge to the indictment could have been raised on direct appeal or in a CPL article 440 motion. "To the extent that petitioner argues that the failure to do so was occasioned by the ineffective assistance of appellate counsel, his remedy for this alleged omission was an application for a writ of error coram nobis" (People ex rel. Jones v Collado, 178 AD3d 1265, 1266 [3d Dept 2019]; see People ex rel. DeFreitas v Callado, 172 AD3d 1811, 1812 [3d Dept 2019], lv denied 34 NY3d 909 [2020], cert denied ___ US ___, 141 S Ct 300 [2020]). As the circumstances here do not reflect any basis to depart from traditional orderly procedure, we discern no basis to disturb Supreme Court's dismissal of petitioner's request for habeas corpus relief (see People ex rel. Smythe v Miller, 182 AD3d 894, 894 [3d Dept 2020], appeal dismissed & lv denied 35 NY3d 1056 [2020]; People ex rel. Nailor v Kirkpatrick, 156 AD3d 1100, 1100 [3d Dept 2017]; People ex rel. Alvarez v West, 22 AD3d 996, 996 [3d Dept 2005], lv denied 6 NY3d 704 [2006]).
Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.