People ex rel. Rudolph v Lilley (2023 NY Slip Op 02153)

People ex rel. Rudolph v Lilley

2023 NY Slip Op 02153

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

534017
[*1]The People of the State of New York ex rel. Whirlee Rudolph, Appellant,
v
Lynn J. Lilley, as Superintendent of Eastern Correctional Facility, Respondent.

Calendar Date:March 24, 2023

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Whirlee Rudolph, Napanoch, appellant pro se.
Letitia James, Attorney General, Albany (Allyson B. Levine of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Lisa M. Fisher, J.), entered September 15, 2021 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.
In 2016, petitioner was convicted of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree and received an enhanced sentence of 12 years in prison along with a lesser concurrent sentence. This Court subsequently affirmed petitioner's convictions on direct appeal as well as the denial of a CPL article 440 motion that petitioner had brought (People v Rudolph, 170 AD3d 1258, 1258, 1264 [3d Dept 2019], lv denied 34 NY3d 937 [2019]). In 2020, a second CPL article 440 motion brought by petitioner was denied. Thereafter, petitioner commenced this CPLR article 70 proceeding seeking a writ of habeas corpus, contending that his conviction for criminal possession of a controlled substance in the third degree was jurisdictionally defective because no true bill was filed in County Court and because the five-count indictment was not filed until five days after his sentencing. Supreme Court dismissed petitioner's application without a hearing, prompting this appeal.
Even assuming, without deciding, that petitioner's challenges to his conviction and the indictment rise to the level of jurisdictional defects, case law makes clear that "habeas corpus is not the appropriate remedy for raising claims that could have been raised on direct appeal or in the context of a CPL article 440 motion, even if they are jurisdictional in nature" (People ex rel. Thompson v Keyser, 173 AD3d 1586, 1586 [3d Dept 2019] [internal quotation marks, brackets and citations omitted], lv denied 34 NY3d 904 [2019]; accord People ex rel. West v Coveny, 181 AD3d 1141, 1141 [3d Dept 2020]; People ex rel. Dixon v Superintendent of E. Corr. Facility, 181 AD3d 1107, 1107-1108 [3d Dept 2020]). We agree with Supreme Court that petitioner could have raised these arguments upon his direct appeal or via a CPL article 440 motion. As the circumstances here do not reflect any basis to depart from traditional orderly procedure, we discern no reason to disturb Supreme Court's dismissal of petitioner's request for habeas corpus relief (see People ex rel. Smythe v Miller, 182 AD3d 894, 894 [3d Dept 2020], appeal dismissed & lv denied 35 NY3d 1056 [2020]; People ex rel. Nailor v Kirkpatrick, 156 AD3d 1100, 1100 [3d Dept 2017]; People ex rel. Alvarez v West, 22 AD3d 996, 996 [3d Dept 2005], lv denied 6 NY3d 704 [2006]).
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed, without costs.