Matter of Hill v Howard (2024 NY Slip Op 04499)

Matter of Hill v Howard

2024 NY Slip Op 04499

Decided on September 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 19, 2024

CV-23-0981
[*1]In the Matter of Anton Hill, Appellant,
v
David Howard, as Superintendent of Woodbourne Correctional Facility, et al., Respondents.

Calendar Date:August 30, 2024

Before:Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ.

Anton Hill, Woodbourne, appellant pro se.
Letitia James, Attorney General, Albany (Rachel Raimondi of counsel), for respondents.

Appeals (1) from a judgment of the Supreme Court (Stephan G. Schick, J.), entered May 2, 2023 in Sullivan County, which, in a proceeding pursuant to CPLR articles 70 and 78, among other things, dismissed the petition, and (2) from an order of said court, entered August 9, 2023 in Sullivan County, which, upon reargument, adhered to its prior decision.
Petitioner was convicted in 2014 of kidnapping in the second degree following a jury trial and is currently serving a prison term, as second violent felony offender, of 15 years, which conviction was affirmed upon appeal (People v Hill, 157 AD3d 505 [1st Dept 2018]). Thereafter, petitioner filed an application for habeas corpus relief, alleging various defects in the felony complaint, as well as issues such as lack of personal jurisdiction, defects in the grand jury proceeding, witness credibility, ineffective assistance of counsel and insufficient jury charge. Supreme Court sua sponte converted the matter to a CPLR article 78 proceeding. Respondents thereafter moved to dismiss the petition pursuant to CPLR 3211 (a) (7), for failure to state a cause of action.
In a decision entered May 2, 2023, Supreme Court ultimately denied both habeas corpus and CPLR article 78 relief. Petitioner subsequently attempted to file papers in opposition to respondents' motion to dismiss and to the conversion of his habeas petition into a CPLR article 78 proceeding, which were rejected as untimely.
Petitioner then moved for reargument, again submitting the opposition papers that were rejected as untimely. Supreme Court declined to consider the untimely submissions and, upon reviewing its prior decision and finding that no matter of law or fact had been overlooked or misapprehended, denied the motion. Petitioner appeals from both the judgment and the order.
We affirm. Petitioner contends that Supreme Court erred in converting his habeas corpus petition to a CPLR article 78 proceeding. Regardless of whether the matter should have been converted, the court reviewed petitioner's claims under both CPLR articles 70 and 78, correctly finding that neither provides the proper vehicle to review petitioner's claims. Specifically, under CPLR article 70, the issues raised by petitioner could have been or were raised on direct appeal or by postjudgment motion pursuant to CPL article 440 and are therefore not the proper subject of a habeas corpus proceeding (see People ex rel. Holland v Tedford, 219 AD3d 1620, 1621 [3d Dept 2023]; People ex rel. Rudolph v Lilley, 215 AD3d 1196, 1197 [3d Dept 2023], lv denied 40 NY3d 907 [2023]; People ex rel. Nailor v Rockwood, 215 AD3d 1159, 1160 [3d Dept 2023]); nor is a CPLR article 78 proceeding generally the proper context "to review error claimed to have occurred in a criminal proceeding" (Matter of Hennessy v Gorman, 58 NY2d 806, 807 [1983]; accord Matter of Rodriguez v LaValley, 112 AD3d 1244, 1244 [3d Dept 2013], appeal dismissed 23 NY3d 933 [2014]). We have reviewed petitioner's remaining [*2]contentions regarding the rejection of his opposition papers and his subsequent motion to reargue and, to the extent that such issues are the proper subject of this proceeding, we find them to be without merit.
Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the judgment and the order are affirmed, without costs.