People ex rel. Thomas v Superintendent of Elmira Corr. Facility (2025 NY Slip Op 03672)

People ex rel. Thomas v Superintendent of Elmira Corr. Facility

2025 NY Slip Op 03672

Decided on June 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

CV-24-0295
[*1]The People of the State of New York ex rel. Bernard Thomas, Appellant,
v
Superintendent of Elmira Correctional Facility, Respondent.

Calendar Date:May 23, 2025

Before:Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ.

Bernard Thomas, Elmira, appellant pro se.
Letitia James, Attorney General, Albany (Alexandria Twinem of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Richard Rich Jr., J.), entered January 9, 2024 in Chemung County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner is serving a prison term of 25 years to life as a result of his 2010 conviction of murder in the second degree — a conviction stemming from conduct that occurred in 1975. Following an unsuccessful direct appeal (People v Thomas, 96 AD3d 1670 [4th Dept 2012], lv denied 19 NY3d 1002 [2012]), an apparently unsuccessful CPL article 440 motion and other collateral proceedings (People v Thomas, 167 AD3d 1589 [4th Dept 2018], lv denied 33 NY3d 954 [2019]; People v Thomas, 140 AD3d 1715 [4th Dept 2016], lv denied 28 NY3d 937 [2016]), petitioner commenced this habeas corpus proceeding contending that he was entitled to immediate release as the result of errors committed during his criminal trial, including the trial court's failure to suppress certain DNA evidence. Supreme Court dismissed petitioner's application without a hearing, prompting this appeal.
We affirm. "Habeas corpus relief is not an appropriate remedy for asserting claims that were or could have been raised on direct appeal or in a CPL article 440 motion, even if they are jurisdictional in nature" (People ex rel. Hook v Tedford, 213 AD3d 1065, 1066 [3d Dept 2023] [internal quotation marks and citations omitted]; see People ex rel. Dixon v Superintendent of E. Corr. Facility, 181 AD3d 1107, 1107-1108 [3d Dept 2020]; People ex rel. Moise v Coveny, 175 AD3d 1693, 1693-1694 [3d Dept 2019], lv denied 34 NY3d 912 [2020]). The record reflects that petitioner's challenge to the admission of certain DNA evidence and/or the scientific reliability thereof, as well as his claims that he was denied the effective assistance of counsel and that the trial court erred in failing to suppress certain statements he made to law enforcement, were or could have been raised either upon his direct appeal or in the context of his subsequent CPL article 440 motion (see People ex rel. Lasher v Tynon, 188 AD3d 1516, 1516 [3d Dept 2020], lv denied 36 NY3d 908 [2021]; People ex rel. Dixon v Superintendent of E. Corr. Facility, 181 AD3d at 1108). As we discern no basis upon which to depart from traditional orderly procedures, Supreme Court properly dismissed petitioner's application for habeas corpus relief (see People ex rel. Hook v Tedford, 213 AD3d at 1066; People ex rel. Smythe v Miller, 182 AD3d 894, 894 [3d Dept 2020], appeal dismissed & lv denied 35 NY3d 1056 [2020]; People ex rel. Moise v Coveny, 175 AD3d at 1694).
Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.